Print Form

**Instructions for use:**

1. Check the  above box "Highlight Fields"
   to show fields on this form.
2. Complete the form.
3. Print, sign the document, and file with
   the court..

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

Monette Y. Lowe
411 Over Look Turn   Conyers, GA. 30012
(770)338-2403
         Plaintiff(s)

vs.

Rockdale County Board Of Education
960 Pine Street   Conyers, GA. 30012
(770)483-4713

         Defendant(s),

**COMPLAINT**

3:23-cv-06029-DGE

FILED ——— LODGED
——— RECEIVED

NOV 0 9 2023

CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON AT TACOMA
DEPUTY

## Parties to this Complaint:

Plaintiff's  Name, Address and Phone Number

Monette Y. Lowe
411 Over Look Turn   Conyers, GA. 30012
(770)338-2403

Defendant's Name, Address and Phone Number

Rockdale County Board Of Education
960 Pine Street   Conyers, GA. 30012
(770)483-4713

Defendant's Name, Address and Phone Number

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/09/2023

**To:** Mrs. Monette Y. Lowe
411 Overlook Turn
CONYERS, GA 30012
Charge No: 410-2022-06353

EEOC Representative and email:     STEVEN GARCIA-REYES
Senior Federal Investigator
steven.garcia-reyes@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2022-06353.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
08/09/2023
Darrell E. Graham
District Director

1   Defendant's Name, Address and Phone Number

2   Rockdale County Board of Education
    960 Pine Street
3   Conyers, GA. 30012
    (770) 483-4713
4

5   (If you have more defendants, list them using the same outline on another piece of paper.
    Attach additional sheets, if necessary)

6

7   **Jurisdiction**
    (Reason your case is being filed in federal court)

8   Monette Lowe was awarded a Notice of the Right to Sue from the EEOC because after a year's long
    investigation completed by Steven Garcia Reyes-the EEOC's special investigator did find probable
    cause (Exhibit C)  of Mrs. Lowe's charge that disability discrimination did occur. At this time under
9   advisement and according to the Notice of the Right to Sue, I Monette Y. Lowe am exercising the right
    to bring this federal lawsuit and charges against Rockdale County Board of Education and ask that this
    court make Mrs. Lowe whole again and grant me-Monette Y. Lowe monetary damages for all of
10  Mrs. Lowe's losses due to the denying of her need for accommodations,Mrs. Lowe's pain and suffering
    and the life changing hardships Mrs. Lowe has endured by Rockdale's negligent and unfair treatment
    and actions.
11

12  **Statement of Claim:**
    (State here as briefly as possible the facts of your case.)

13

14  In addressing the Charge Date of 08/23/2022 as being the charge date on file, it is

15  verified that the Equitable Tolling granted by the Atlanta office of the EEOC establishes

16  the fact that Mrs. Lowe's charge was actually submitted two months late by EEOC's

    digital systems and thus the agency being the one that held up Mrs. Lowe's charge

17  request her intake interview and her her charge submission. These processing errors

18  occurrences were out of Mrs. Lowe's control and her charge date was within the 180

19  day deadline. However, since the EEOC gave Mrs. Lowe the incorrect charge

    submission deadline date of October 13, 2022.(Exhibit A) The EEOC sought to correct
20
    the mistake allowing the Equitable Tolling to revoke the dismissal of her charge made on
21  March 9, 2023; which was based on the October deadline date. The Equitable Tolling

22  granted and allows for no issue to exist with Mrs. Lowe's original charge date to be

23  well before the 180 day deadline and was granted through Equitable Tolling.(Exhibit B)

    Let the court recognize that evidence shows the June 8th, 2022 for Mrs. Lowe's
24
    original charge date. Rockdale Board of Education will attempt to mislead this court to
25
    give false information of the original charge date to be untimely. However this holds no

**Statement of Claim**
(continued):

merit due to the EEOC's decision to reopen the charge due to a timely charge date that was in fact verified. May the court recognize that on June 8th, 2022 Monette Lowe did report, submit and was approved with her original charge of discriminatory and retaliatory actions/ treatments towards her done by Rockdale Board of Education's (here in further to be known as "Rockdale") May the court know while it holds true that June 8th, 2022 being the original charge date does allows for the actual charge intake process and charge completion date to be in fact in a timely manner. Thus confirming the EEOC's decision and granting of her Equitable tolling and the reopening of(Exh C) Mrs. Lowe's charge of disability discrimination and retaliation done to her by Rockdale. The EEOC does recognize the June 8th 2022 date does allow Mrs. Lowe the right for her charge to have been filed well before the 180 days and therefore Mrs. Lowe seeks for this federal court to allow the charge to be submitted in a correct and timely manner. Especially as the court should take notice that currently the EEOC allows for Walk-In intake processes to occur and get charges filed the same day. Unlike back in June of 2022 when the EEOC Atlanta office handled Mrs. Lowe's charge submission while the EEOC was still operating under the Post Pandemic way of processing charges. These are the reasons Mrs. Lowe's original charge date on the form does not reflect her true filing date and the fact the EEOC granted the Equitable tolling speaks to the fact that the EEOC supports the charge was filed in as timely and the 08/23/2022 charge date is not a factor in which her charge of disability discrimination and retaliation against Rockdale should be allowed to remain timely and her June 8th, date should be acknowledged. Rockdale County Board of Education did knowingly and intentionally

deny Monette Lowe protected medical leave they approved to her, which is in direct violation of the Title I of the Americans Disabilities Act of 1990. 42 U.S.C. S 12111(8) as amended. (Exhibit 1) Rockdale County Board of Education intentionally fired and discriminated against Monette Y Lowe on the basis of her known disability known to previously by Rockdale. 42 U.S.C. S 12102(2)                    page 2 of 8

**Statement of Claim**
(continued):

(Exhibit 2) In 2017 and 2019 Monette Lowe fell at work while doing her duties as the school nurse. This resulted in severe damage to several areas of her body. Specifically, Mrs. Lowe's neck, back, knees and hips that substantially limitedly her major life activities such as walking and prolonged standing, etc. Monette Lowe had surgery to treat her disability which at that time (in 2019), she was placed on worker's

compensation; but not allowed to receive her worker's compensation monetary benefits. Monette Lowe requested workers compensation monetary benefits however, Rockdale's HR Dept. told Mrs. Lowe that she will not be paid any money thru Workers

Compensation Monette Y Lowe was further informed that she would have to use any sick leave time she had stored in order to continue to get her monthly pay/money while

she was out on worker's compensation approved leave. It's at this time when Rockdale County Board of Education first acknowledged and knew of Mrs. Lowe's existing

disability/impairment. Rockdale then approved Mrs. Lowe's to return to work with her doctor's work restrictions/accommodations in place to protect her from further harm and thus allowing her to do her job.( Exhibit 3) After getting her left knee meniscus

injury repair surgery and after Mrs. Lowe's completing of her physical therapy; she returned to work in the same job with reasonable accommodations in place. As all of

the essential functions of her job were able to be completed by her with excellent work performances (Exhibit 4); and in the sedentary capacity from the clinic office as she had always done. Although the accommodations did not create an undue hardship on

Rockdale. In or around August 2020, Rockdale revoked Mrs. Lowe's reasonable accommodations by denying her doctor's restrictions and began willfully forcing her

to work outside her restrictions.(Exhibit 5)

Page 3 of 8

## Statement of Claim
(continued):

For example: although medications were required to be administer in a private area. Which was satisfied by administering them in the clinic as Rockdale policy, procedure and as Mrs. Lowe's had been doing since my hire in 2010. Rockdale suddenly required Mrs. Lowe to walk across the school to administer medications to students' multiple times per day in public spaces and/or to further walk to find a private room to administer the medications and other medial/ health care to the students and staff.

Rockdale intentionally denied Mrs. Lowe-her sedentary work accommodation by not letting the students/staff receive medications and care in the clinic settings as it was dictated in school policy and as it had always been done since her hire as school nurse. There was no legitimate business reason to suddenly adversely alter

Mrs. Lowe's job duties in willful violation of her restrictions. In April 2021, due to Rockdale's failure to reasonably accommodate Mrs. Lowe, she again suffered two work related falls and further aggravation and exacerbation of her disability. Mrs. Lowe immediately reported her injuries to Erica Wakefall-Principal and Sonya Dill-Bookkeeper and she completed and submitted her accident/incident report.(Exhibit 6)

and obtained medical attention. Mrs. Lowe's doctor placed her on medical leave restrictions (Exhibit 7) pending further surgery (Exhibit 7a)to treat her worsen disability that Rockdale caused by refusing to reasonably accommodate her. Rockdale did

intentionally commit violations by doing the following to Mrs. Monette Lowe.Erica Wakefall-Prinicpal did not submitting her completed accident forms to HR as she

was supposed in a timely manner. (Exhib 8)By Stephen Lillard-HR director admitting he did not know of Mrs. Lowe's fall/injury and falsely documenting to the Worker's Compensation Board that Mrs. Lowe did not fall nor injure herself at work.(Exhibit 8a)

Page 4 of 8

**Statement of Claim**
(continued):

Also Rockdale did not authorize Ms. Lowe's doctor's visit on April 20th, 2021 denying her to receive treatment and care under the protection of workers compensation for her work related injuries. Rockdale did knowingly commit yet another Worker's Compensation violation by denying Mrs. Lowe's doctor's visit and providing an outdated doctor's list to seek medial care at the time of her accident.(Exhibit 8b) Rockdale's willful violation occurred as Mrs. Lowe was informed by Rockdale that she was denied her request for care and Rockdale denied her claim for Worker's Compensation coverage for her work place accident and her injuries as a result of the April 19th, 2021 fall. May the court take notice Mrs. Lowe's accident claim denial was a malice and intentional violation act because her accident was clearly shown to happen and caught on video tape during her Monday work hours while she was clearly on duty as the school nurse. (Exhibit 8c) Rockdale once again mislead and shifted their responsibility for Mrs. Lowe's medical care to treat her work related injuries onto her personal insurance carrier. (Exhibit 8d) Rockdale continued to make false statements to the EEOC and Workers Compensation agencies stating that Mrs. Lowe was never disabled and they did not have any accommodations or restrictions in place for Mrs. Lowe at work nor any documents inside of her employee file. (Exhibit 9) Despite Rockdale's obvious and unlawful obstacle to treat Mrs. Lowe's injuries; which included her inability to stand up nor walk without assistance. Mrs. Lowe was finally seen and received treatment from Dr. George Delgado. (Exhibit 9a) Rockdale even submitted a untruthful Workers Compensation document/claim to the WC Board indicating that Mrs. Lowe did not fall at work and that she did not have any injuries. (Exhibit 10) Rockdale falsely stated to the EEOC that Mrs. Lowe was not protected under the ADA and she did not have any work accommodations or restrictions at work. (Exhibit 11)

Page 5 of 8

**Statement of Claim**
(continued):

Rockdale also submitted many bias and erroneous statements to different state and government agencies to cover up Mrs. Lowe's work related accident and her injuries being caused by the accident. Rockdale did willfully commit a retaliatory violation against Mrs. Lowe with their wrongful termination of her on December 17th, 2021; while she was awaiting for a court decision for her claim for Worker's Compensation

which was was still being decided. Mrs. Lowe informed Rockdale of her total incapacitated state due to/by their denial of her reasonable accommodation which lead to Mrs. Lowe's April 19th, 2021 work fall and ultimately putting her at risk of harm.

Mrs. Lowe also shared her current doctor's orders and restrictions and she requested the reasonable accommodations of medical leave.(Exhibit 12) At this time Rockdale

provided Mrs. Lowe with a FMLA paperwork and assured her that by her and her physician completing and then submitting the FMLA packet/ forms. That this action would provide Mrs. Lowe with the leave time she needed until she was recovered and

able to return to work. (Exhibit 13) It is important to note that throughout Mrs. Lowe approved medical leave she always maintained consistent contact with Rockdale as

instructed. Mrs. Lowe was also directed to submitted an updated leave request in October 2021 (the new school year) as she did as directed to do by Rockdale HR staff

Jamie Oliver. Ms. Oliver again assured Mrs. Lowe that her job was secure and being held until her return. (Exhibit 14) Ms. Oliver then took Mrs. Lowe's completed FMLA packet/forms and approved her medical leave with an anticipated return to work date

of Jan. 2022. (Exhibit 15) With all the many conversations and correspondence Mrs. Lowe had with Rockdale, at no time did any Rockdale personnel ever discuss any

termination nor separation from her job with her.

Page 6 of 8

## Statement of Claim
(continued):

On Dec. 20th 2021, Mrs. Lowe suddenly and without any warning or any discussion from Rockdale, received a letter informing her that she was being terminated due to her disability which was the root cause of her inability to return to work with in the 160 days. (Exhibit 15) Rockdale did decided to separate Mrs. Lowe from her job even though Rockdale knowingly reassured Mrs. Lowe's that her job was in fact secure and awaiting her return. (Exhibit 16) Rockdale knew that Mrs. Lowe was out on approved FMLA leave and did ensure her repeatedly of her job security.Mrs. Lowe termination is clearly discriminatory and retaliatory as Rockdale separated Mrs.Lowe on the basis of her disability and need for reasonable accommodations.(Exhibit 6a) Rockdale did retaliate against Mrs. Lowe due to her filing for worker's compensation benefits for medical and monetary coverage/support for her work - related accident and the injuries sustained from the final fall on April 19th, 2021 and exposing Rockdale's negligence.In a letter dated April 3, 2023 Rockdale made another retaliatory and threatening statement to Mrs.Lowe and her attorney, further displaying relaitory actions towards Mrs. Lowe.(Exhibit 16)There was no legitimate reason to refuse to accommodate her as continuing to provide leave would not have created undue hardship on Rockdale. Mrs. Lowe stayed in contact with her school's administrators and the substitute nurse in order to ensure the clinic office operated sufficiently and serviced the students and staff all while on her leave. Rockdale also failed to inform Mrs. Lowe of any supposed issue with her requested and approved, medical leave. Nor did Rockdale make any request for any additional information from her. Which further demonstrates that Rockdale failed to engage in the interactive process to reasonably accommodate Mrs. Lowe.

Page 7 of 8

**Statement of Claim**
(continued):

Rockdale attempted to justify this discriminatory and retaliatory termination under the pretext of a policy stating that Mrs. Lowe had been unable to work for 160 days. Mrs. Lowe disputes this as a policy Rockdale never mentioned to her. Mrs. Lowe was never told of any 160 day return to work policy at any time nor did Rockdale ever mention to Mrs. Lowe about a supposed deadline for her return. All parties understood and documented that Mrs. Lowe's anticipated return date was on Febuary 28th, 2022. Rockdale had allowed Mrs. Lowe to only know that her leave was approved through Febuary 28th, 2022 along with Rockdale's assurance that her job was secure until her return. (Exhibit 17) Rockdale is intentionally misleading the agencies and courts with a erroneous statement that Mrs. Lowe wanted and indefinite leave from work. Let the court know, it was always Mrs.Lowe's plan to return to her job as the school nurse for Rockdale. As she had done before and retire as with the honor.Additionally even if this were a policy, it still fails to shield Rockdale from liability because policy does not eliminate Rockdale's obligations under the law;a flat application of a facially neutral policy that creates a disparate impact on disabled employees is discriminatory and a blatant failure to provide reasonable accommodations. Thus, Rockdale blatantly terminated Mrs. Lowe out of discriminatory and retaliatory animus for her disability and need for accommodations. Exhibit 18) After years of excellence on work performances year after year; Rockdale only saw Mrs.Lowe as a costly liability, someone that wasn't the dedicated long-term employee to support as they had did just years before. They saw Mrs.Lowe as a financial burden and dollar sign, and a chance to wipe her off their plate. Rockdale saw an easy way to cover up their unfair denial of Mrs. Lowe's worker's compensation claim and allowed them to not have to cover any more medical expenses for Mrs. Lowe. The fact is Rockdale saw that ultimately, they would save money by seizing this opportunity to terminate Mrs. Lowe's employment. Thus by Rockdale's firing of Mrs. Lowe now, she would not be given her retirement benefits from Rockdale County Public School in just a few short years on top of the medical expense Rockdale had already and was faced with.                                    Page 8 of 8

**Relief:**

(State briefly what you want the court to do for you)

I Monette Yvonne Lowe do humbly ask the court & your honor to award me with the sum of Five Hundred Thousand Dollars. I would like to be made financially whole again. I would like for my personal house hold to be given all the money lost as a result of Rockdale's intentional discrimination and malice manipulation of my life. May the court acknowledge that starting on April 19th 2021 when I fell that morning, Just the day before I had a job that I loved and did well year after year for over 12 yrs. Not to mention that I - Monette Lowe has always displayed a truly dedicated commitment to the Rockdale Public school system even before my hiring in 2010. I served the Rockdale school and its students for three years as a non paid parent advocate and volunteer. Which I received a school award every year for my three years of dedicated work serving the students, families, staff and community. May the court know that the Rockdale school, staff, the students and families which I served express their admiration and appreciation for me too. I received cards on Nurse's day and even a luncheon held in my honor with my administration. Rockdale took away all that by mistreating me and their unfair discrimination and the retaliation I suffered, as a result of their negligence towards me was and still is a horrific and life changer. In 2021 I had a short time until retirement from my employment with Rockdale and I had even met with the pre-retirement team and attended several seminars Rockdale County held to educate its employees. Moving forward to the present and as of September 2023, I am in debt to the tune of $140,000. I have no savings as before in the amount of $15,000.00. I am currently in medical debt of $19,000.00. A cost that is still growing due to Rockdale's discriminatory, retaliatory and wrongful termination of me. After which I will be indebt to the amount of $111,000.00 for my total Left hip replacement surgery and my my bilateral knees surgeries. Please bear in mind this pricing doesn't include my medications and my post therapy cost for me. Again this is all as a result of Rockdale denying my worker's compensation medial coverage as they had done just a few years before in 2019. I would still have my retirement funds in place in the amount of a little over $10,000.00. As I was continually contributing to that account monthly from my pay. In seven short years when I retired from being a school nurse, I was scheduled to have at least $50,000.00 Sadly, because of the injustice I endured I had to drawn all my retirement funds out early and incurred a penalty just to make ends meet for myself and my family.
In closing I want to share with the court and your honor that currently the EEOC is reviewing my charge however on July 7th 2023, I had worked with the EEOC's special investigator and we created a Conciliation Agreement. An agreement Rockdale did agreed to consider if the EEOC found cause. Due to the EEOC cap on the agency's ability to request for damage amounts could not exceed $300,000.00, I decided to ask for $277,000.00 at that time. However after all I have had to do to get the justice deserved to me. I now am asking the court to respectfully grant me Five Hundred Thousand Dollars in damages, for all my debt, loss and the pain and suffering I have experienced over several years. I want to thank your honor for seeing the discrimination done to me and the life changing transgressions Rockdale did to me and my family. see Exhibit 18 as proof of Rockdale willing to resolve

**Jury Demand:**

(Optional)

Yes, I wish to have a jury trial of my peers to assist in seeking Justice and to assist in making my Monette Lowe Whole again. I believe a jury of peers can assist your honor in the judicial process as I seek to bring this federal lawsuit to this court. I wish a jury because I believe in the system and feel this is the way to get the justice I deserve.

11/1/23
Date

Signature of Plaintiff

Exhibit A

# MARCIA HAYMER

| | |
|---|---|
| **From:** | ATLAGOV |
| **Sent:** | Friday, July 22, 2022 8:05 AM |
| **To:** | ATDOINTAKE |
| **Subject:** | FW: Appointment    Atlanta District Office |

**From:** EEOC - I I G <info@eeoc.gov>
**Sent:** Thursday, July 21, 2022 1:29 PM
**To:** ATLAGOV <atlanta.districtoffice@eeoc.gov>
**Cc:** BEATRICE JUITT <BEATRICE.JUITT@EEOC.GOV>; ROCHELLE BURLINGAME <ROCHELLE.BURLINGAME@EEOC.GOV>
**Subject:** FWD: Appointment Atlanta District Office

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

---

 Forwarded By: Inquiry - anna.rosa.alonzo@eeoc.gov

Comments: Re: 410-2022-06440n and 410-2022-06353n

Good Day Atlanta District Office

Forwarded for your review & resolution. Caller has tried to reach the office using the shadow number to schedule an interview, no avail. She needs to receive a call from the office so that they can change her time limit from 180 to 300 days. She works in Georgia but is a state employee. She needs to speak with someone in the office regarding this issue. Please contact pcp. There are 85 days left to file a charge.✳

Thank you in advance for your assistance in this matter.

Message:

Per ARC inquiry # 410-2022-06440n and 410-2022-06353n address shows as

411 Overlook Turn
Conyers, Georgia 30012

email shows as
Monettelowe590@gmail.com

---

1

Best Regards,

Anna R. Alonzo
Lead Intake Information Representative
Intake Information Group
Office of Field Programs-OFP
US Equal Employment Opportunity Commission

Subject

## Appointment Atlanta District Office

Contact Information

First Name: Monette
Last Name: Lowe
Street: 528 Renaissance Way
City: Conyers
State: Georgia
Postal Code: 30012
Home Phone: 7703382403
Month Born: ▉
Day Born: ▉
Year Born: 1957
Gender: Female
Race: Black or African American
National Origin: Not Provided
Prefix: Ms
Middle Initial: Y
National Origin Grp: Not Provided
Hispanic or Latino?: No
National Origin Cat: Not Provided

Question Reference # 220721-000284

Summary: Appointment Atlanta District Office
Rule State: 20 - Open Transaction
Category Level 1: Phone
Date Created: 07/21/2022 12:01 PM
Last Updated: 07/21/2022 12:25 PM
Status: Unresolved
Assigned: Anna Rosa Alonzo
Sector: Private
Field Office: Atlanta District Office (410)
Cover - ADMIN ONLY: N/A
Basis 1: N/A
Issue 1: N/A

Exhibit A

First Alleged Date:
Basis 2:
Issue 2: N/A
Last Alleged Date: 12/17/2021
Resp. State: Georgia
Resp. County:
Employer Zip Code:
Issue 3:
Basis 3:
Issue 4:
Basis 4:
Issue 5:
Basis 5:
Issue 6:
Basis 6:
EAS Status:
Time Limit:
Flat File:
Form :

Customer By Phone (Valeria Ervin) (07/21/2022 12:01 PM)

General Inquiry Reason for Calling: Caller has tried to reach the office using the shadow number to schedule an interview, no avail. She needs to receive a call from the office so that they can change her time limit from 180 to 300 days. She works in Georgia but is a state employee. She needs to speak with someone in the office regarding this issue.

In IMS: Y/N Ref #: 410-2022-06353

Action Taken: Please contact PCP to assist her with this matter.

TIME LIMITS: This incident happened **215** days ago.
The last date a charge can be filed is **October 13, 2022.**
There are **85** days left to file a charge.

Atlanta District Office
Sam Nunn New Federal Building
100 Alabama St. SW, Ste. 4R30
Atlanta, Georgia 30303
Direct Dial: 1-470-531-4760
Fax: 404-562-6909 (Backup - 6910)

3

Exhibit A

## Trying to schedule an interview on my inquiry # 410-2022-06353

Response By Email (Inquiry) (06/24/2022 01:36 PM)
Thank you for contacting us.

I am sorry that you were not able to schedule an appointment due to the choices being grayed out. Keep checking daily for new appointments as new ones become available each morning through our public portal at https://publicportal.eeoc.gov/Portal/Login.aspx

You can also find more information about the laws we enforce and our charge-filing procedures when visiting our website.

Also, please note that there are time limits to file the charge, in many States that limit is 180 days from the date you knew about the harm or negative job action, but in other States it is 300 days.

This incident happened 188 days ago.
The last date a charge can be filed is October 13, 2022.
There are 112 days left to file a charge.

Alternatively, you may call us at 1-800-669-4000 (VideoPhone: 1-844-234-5122) to discuss your situation.

Sincerely,

U.S. Equal Employment Opportunity Commission

---

11:46 AM   Sat Jun 25

Search in mail



**Peacock** — Jun 24
MOVIE PREMIERE | Downto...
The motion picture event ret...

**Survey Goddess** — Jun 24
⊙ Deposit sent to you Mo...
CONFIRM: (1) check sent t...

**Stash** — Jun 24
Monette, here's $30—on us.
...

**EEOC - IIG** — Jun 24
Trying to schedule an intervie...
Recently you requested pers...

**Josh's Daily Direction** — Jun 24
Where We're Expecting a U...
Digital currencies remain vola...

**Northcentral Universi.** — Jun 24
monettelowe590@gmail.c...
For you to unsubscribe from...

**The Startup Investor** — Jun 24
Big news just broke about t...
You need to take action Dear...

**Find Degree** — ?4
monettelowe
degreecy19_0_0.jpg degreec...

Compose

Exhibit B

Hello Ms. Lowe,

After discussion with management, we will reopen your charge (410-2022-06353) and EEOC personnel will be in contact with you in the near future.  Be safe!

William  M. Batts

William M. Batts

Enforcement Manager

U.S. EEOC

Atlanta District Office

100 Alabama Street SW, Ste. 4R30

Atlanta, GA 30303

(470) 531-4769

...



WILLIAM BATTS  May 31
to me, DERICK, STEVEN ∨

me May 31
to WILLIAM ∨

Thank you very much. Please let everyone know your support is much appreciated.

...

Exhibit B

**From:** STEVEN GARCIA-REYES <STEVEN.GARCIA-REYES@EEOC.GOV>
**Sent:** Tuesday, June 6, 2023 10:35:15 AM
**To:** Santana Flanigan <sflanigan@rockdale.k12.ga.us>
**Subject:** [CAUTION EXTERNAL EMAIL] EEOC No. 410-2022-06353 Monette Lowe v. Rockdale County School District - Scheduling a Meeting

Good morning,

I hope this message finds you well. On March 8, 2023, a Notice of Rights to Sue was issued to the Charging Party, Ms. Lowe, stating that the charge was not filed within the time limits under the law. Ms. Lowe appealed this closure, stating that she began the filing process in June 2022. However, due to the high volume of charges received by the Atlanta District Office, there were delays outside of Ms. Lowe's control. After a review by our district's management, we have invoked equitable tolling for Ms. Lowe's charge and consider her filing timely for the purposes of our investigation. As of May 31, 2023, Ms. Lowe's charge was reopened for continued investigation.

At this point, I have completed my investigation of the charge and wish to discuss some preliminary conclusions with you. Please select a date and time from the options below for a brief phone call:

- **Thursday, June 8:** 1:00 PM, 2:00 PM, 3:00 PM
- **Friday, June 9:** 10:00 AM, 11:00 AM, 1:00 PM, 2:00 PM
- **Tuesday, June 13:** 10:00 AM, 11:00 AM, 1:00 PM, 2:00 PM

If I do not receive a response by the close of business **Tuesday, June 13, 2023**, I will submit

Exhibit B

| | |
|---|---|
| **From:** | STEVEN GARCIA-REYES |
| **To:** | Santana Flanigan |
| **Subject:** | RE: [CAUTION EXTERNAL EMAIL] EEOC No. 410-2022-06353 Monette Lowe v. Rockdale County School District - Scheduling a Meeting |
| **Date:** | Tuesday, June 6, 2023 1:02:00 PM |

Good morning,

Thank you for your prompt response.

To specify, the decision to toll Ms. Lowe's time regarding her filing is a decision made internally without input from the Respondent. We do not, and currently will not, provide documentation regarding her appeal.

For the purposes of our charge handling procedures, both parties have been notified that the appeal was approved and Respondent is informed that the EEOC is proceeding with its investigation. If the Respondent wishes to obtain further documentation, they may do so *after* the investigation has ended through a Freedom of Information Act request. Until such a time, all investigative files are maintained confidential.

I look forward to speaking with you on Tuesday, June 13 at 2:00 PM. You may call me at: 470-531-4821

Regards,

**Steven R. Garcia-Reyes**
*Equal Opportunity Investigator – Bilingual, Spanish*

Exhibit B >an,
Exhibit C



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Atlanta Direct Dial: (470) 531-4760
FAX (404) 562-6909/6910
Website: www.eeoc.gov

EEOC Charge No. 410-2022-06353

Monette Y Lowe                                   CHARGING PARTY
411 Overlook Turn
Conyers, GA 30012
Monettelowe590@gmail.com

Rockdale County School District                  RESPONDENT
c/o Santana Flanigan, Attorney
960 Pine St Ne
Conyers, GA 30012
sflanigan@rockdale.k12.ga.us

## RECONSIDERATION NOTICE

### AND

### REVOCATION OF NOTICE OF RIGHT TO SUE

Pursuant to the Commission's Procedural Regulations, 29 CFR § 1601.1 et seq., the Commission has revoked and rescinded the previously issued Dismissal and Notice of Rights dated <u>March 8. 2023</u>, due to an administrative error.

Upon completion of this re-examination and reconsideration, you will be notified in writing as to the Commission's final determination in this matter. If you should have any questions regarding this matter, please contact Enforcement Supervisor, Derick Newton at derick.newton@eeoc.gov.

On Behalf of the Commission:

**Derick Newton** Digitally signed by Derick
Newton                                          For
Date: 2023.06.01 10:29:41 -04'00'

Date                                            Darrell E. Graham
                                                Director
                                                Atlanta District Office

 **Gmail**

Copy Central <copycentralconyers@gmail.com>

## Fwd: My inquiry # is 410-2022-06353

1 message

Exhibit C
pg 1

**Monette Lowe** <monettelowe590@gmail.com>
To: copycentralconyers@gmail.com

Thu, Oct 19, 2023 at 12:58 PM

---------- Forwarded message ---------
From: **Monette Lowe** <monettelowe590@gmail.com>
Date: Fri, Jul 22, 2022 at 1:13 PM
Subject: My inquiry # is 410-2022-06353
To: <ATDOINTAKE@eeoc.gov>

Hello my name is Monette Lowe and I believe my Employer- *Georgia State Board of Education Rockdale County Public School wrongfully terminated my employment because of my known preexisting medical disability. (See letter attached) *GSB of Ed-RCPS

At this time I am formally informing the EEOC that I want to bring a Medical Disability Discrimination charge for the wrongful termination of my Employment.This Lawsuit/ charge will be brought against the Georgia State Board of Education Rockdale County Public School.

In 2017 I had an accident on my job which resulted in me having Bi Lateral Rt. & Lt knees injuries and I also injured my neck, back and Rt. ankle. I receive 6 months of physical therapy and This accident was an established Workers Compensation case. My injuries for which I never received any monetary Compensation benefits. I was only given the option to use my accumulated sick leave days. (Worker claim docs can be given at interview)

Unfortunately, this accident left me with a Lt knee meniscus tear and I had the surgery in 2019. Workers Compensation paid for my surgery and the HR dept. directed me to complete an FMLA application in order to use my accumulated sick days instead of paying me the Workers Compensation benefits I was entitled to since my injuries were covered by workers compensation. Even though my WC case was open and active at that time.
I had my left knee surgery, but my right knee was never treated. I only had Physical therapy on both knees and got better and returned to work with my work restrictions in place. (See doctor documents attached)

Since my Rt. knee was not treated properly and I only received Physical Therapy, this left me with a slight limp as I walked and I was no longer able to run at all.

However I still returned to my duties and full time work hours still with work restrictions in place but never receiving any monthly compensation payments.

Then I had two other injuries on my job in 2019, but I never missed out any amount of significant time  my restrictions were effective and kept in place to assist me.

In February 2021, I was brought back again to work as the school nurse at CJHicks Elementary school in the post COVID working environment. Unfortunately, due to my new work duties in lue of COVID, my doctors restrictions for me were not followed by the principal -Dr. Erica Wakefall, nor the lead nurse Kim Karlin, nor the HR. Director- Richard Lillard even when I informed them and this put a severe impact on my daily pain, health and impaired mobility. (Documentation to verify upon request)

While taking student's medications to them, causing me to have to walk / limp the hallways more. On Monday April 19, 2021, I accidentally slipped on a freshly waxed tile flooring and severely injuring my whole left side of my body, my Knees, back, neck and buttocks. This fall happened at school while working and trying to do what I could, so I would be able to keep my job.

Unfortunately, this accident not only gave me new injuries, but also exacerbated my previous medical conditions/ injuries. This is now causing me increased limitations and causing my doctors to label my health and medical condition being totally incapacitated. (See attached doctor's notes) I am limited to walking / limping with the assistance of a Rolator walker in order to move about with severe pain and I could not return to work and the GSB of Ed-RCPS knows this too.

I was directed by my employer to complete and submit another FMLA application as I had done before. This measure was put in place to hold my job position.

As before the FMLA also allowed the GSB of Ed-RCPS to use my stored up sick days to continue to pay me monthly.

I received a letter on December 17, 2021 while in court to address my Worker's Compensation claim. The letter from GSB of Ed-RCPS was informing me that due to my inability to work for 160 days, they were separating me from my job of over 12 years, even though my FMLA was in place to protect an keep my job. When my medical disability was and had been known at the start of every work year contract. Also the GSB of Ed- RCPS knew the fact that my inability to work stems directly from my current medical conditions of being totally incapacitated.  The Georgia State Board of Education Rockdale County Public School  also  knew that my incapacitated state resulted from a work related accident that happened on this job on 4/19/21. In this accident my job denied me my accommodations given to me by my doctors. The  Georgia State Board of Education Rockdale County Public School  did not follow my doctors work restrictions in place for several months that was in place to accommodate my return to work safely and free from harm.

After working slightly over 12 years for the Georgia State Board of Education Rockdale County Public School I had accumulated/ earned over 450 hours of sick pay days. So instead of paying my Workers Compensation claim or my medical bills, they label me as a liability and they chose to use all of my sick days up.

Then when I had no more sick days left to use GSB of Ed- RCPS stopped my monthly payments, while still challenging my WC claim. Their reason being that I never fell and injured my self on the job on 4/ 19/ 21 , even though there is live taped footage showing I did in fact fall while walking to give student's their medicines that morning. (Video cab be given at request.)

GSB of Ed- RCPS (specifically the HR director- Mr. Lillard) chose to purposely placed obstacles in my way impeding my medical treatment, my recovery and my return to work, because I was now considers a liability. Barriers were put in place instead of paying my WC claim and allowing me to get my surgeries, then supporting my rehab and getting better/well in order for me to get my medical clearance to return to work as I have done before. GSB of Ed- RCPS knew that if I could not get my medical care in a timely manner which would have resulted me getting back to work. Instead they saw a way to use my largely stored sick days, they knew that if I could not return to work they would be able to manipulate my termination and ultimately saving money by doing away with my retirement from my job.

Further and more documents can be given to verify and prove all the statements enclosed on this email.



Exhibit C

**From:** STEVEN GARCIA-REYES [he/they]
**To:** Monette Lowe
**Subject:** RE: This is Monette Lowe and I am not presently represented by the Spielberg Law group. So I will need a phone meeting with you as soon as you can give it to me. Please let me know the date and time for our phone meeting.
**Date:** Wednesday, June 28, 2023 8:20:00 AM

Ms. Lowe,

Thank you for your email. I apologize for the confusion, as our records still indicated that you were represented by Spielberger. I will send you what I sent them:

I hope this correspondence finds you well. As you both may already be aware, the EEOC has reopened the subject charge for continued investigation. I have already spoken with the Respondent, Rou recommendation. **Based on the evidence on file, I believe there is probable cause that a violation occurred, as alleged.** This recommendation, however, is just that. A recommendation that n

In these preliminary stages, however, I am required to draft a conciliation agreement for review. Therefore, I am notifying you both of my recommendation and requesting that you consult each other remedied. If, for whatever reason, Spielberger Law no longer represents Ms. Lowe, then I ask that Spielberger Law disregard this email and all matters will instead be directed to Ms. Lowe.

As you are no longer represented, I wish to schedule a telephone call with you to discuss your alleged damages. We will conduct a damages assessment together and see what is justifiable in terms of following dates and times. Please select one:

- July 5, Wednesday: 10:00 AM, 11:00 AM
- July 6, Thursday: 1:00 PM, 2:00 PM
- July 7, Friday: 10:00 AM, 11:00 AM, 1:00 PM, 2:00 PM

Please reply with your selection by no later than Tuesday, July 4, 2023. I will be out of the office, so I may not reply. I encourage you to compile any supporting documents for your monetary damag missed due to your loss of employment, medical costs you directly incurred if you had no insurance coverage, etc.

Regards,

Steven R. Garcia-Reyes
*Equal Opportunity Investigator – Bilingual, Spanish*

**From:** Monette Lowe <monettelowe590@gmail.com>
**Sent:** Tuesday, June 27, 2023 6:55 PM
**To:** STEVEN GARCIA-REYES [he/they] <STEVEN.GARCIA-REYES@EEOC.GOV>
**Subject:** Re: This is Monette Lowe and I am not presently represented by the Spielberg Law group. So I will need a phone meeting with you as soon as you can give it to me. Please let me know the date and time fc

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Thank you  for sending me this I was just made aware of it, and this is so important to me. This is Monette Lowe and I am not presently represented by the Spielberg Law group. (please see the below attached lette when they stopped being my lawyers) I presently don't have a lawyer.
Moving forward and most important, I will need a phone meeting with you as soon as you can give it to me to discuss my damages and my resolution of the discrimination done to me. Please let me know the date

Thank you
Monette Lowe



Dr. Terry O. Oatts
Superintendent

Santana Flanigan
General Counsel

Board of Education
Wales F. Barksdale
Pamela J. Brown
Heather Duncan
Sandra Jackson-Lett
Jim McBrayer
Mandy M. North
Akita Parmer

December 20, 2021

SENT VIA USPS AND EMAIL

Ms. Monette Lowe (Emp. ID 19252)
411 Overlook Turn
Conyers, GA 30012

Dear Ms. Lowe,

As of September 26, 2021, you have been unable to work for 160 calendar days. At this time, we will separate your employment with Rockdale County Public Schools, effective December 17, 2021.

Final pay calculations and separation packet will be processed on January 21, 2021. All medical, dental, and/or vision insurance premiums owed by the employee will be due and payable on January 21, 2022. If any premiums are owed, you will receive a separate letter from our benefits manager, Kelly Coil.

If you choose to apply for Long term disability with Mutual of Omaha, please contact Morgan Powell by email at morgan.powell@mutualofomaha.com or by phone at 402-351-4882 if you have questions regarding your Long Term Disability claim status.

Upon termination of your health coverage (if applicable), you may continue COBRA coverage for up to 18 months by paying a monthly premium directly to The Department of Community Health. (DCH). You will receive COBRA information from the DCH.

Upon termination of your dental and vision coverage, you may continue coverage for up to 18 months. You will receive COBRA information from WAGEWORKS/CONEXIS.

Please contact Kelly Coil, Benefits Manager, by email if you have questions regarding your benefits. She can be reached at kcoil@rockdale.k12.ga.us

Sincerely,

Stephen Lillard SPHR
Assistant Director of Human Resources

Exhibit 11

Exhibit 2

**RESURGENS ORTHOPAEDICS**                                                **work link**

| | | | | |
|---|---|---|---|---|
| Lowe | Monette | Mi | 3178710 | WC103-082017157736 |
| Patient's Last Name | First Name | | Acct # | Claim # |

Date: __8-14-17__                          Time In  11.05

Physician Roderica Cottrell/770-787-4042          Insurance TPA

Employer Rockdale Co. Schools          Adjuster Lisa Marshall          Case Manager

Contact Person Sharon Kennerly          Phone# 803-264-6789          Phone#

Phone# 770-483-4713          Fax# 803-870-8542          Fax#

Fax# 770-860-4266          E-Mail Na          E-Mail

---

☐ Date of Injury 3-9-17/Cervical/Thoracic/Lumbar/Left Hip                    ☑ Initial Visit          ☑ Re-Check

☑ Is Work Related          ☐ Is Not Work Related

Diagnosis  Cerv/Thoracic/Lumbar ; Degeneram Neurosynilitis Ctrpae Tunnel syndrome ℞

| Work Status | Date | Restrictions | | |
|---|---|---|---|---|
| | | **Upper Extremity** | | **Lower Extremity** |
| ☐ Return to Regular Duty | | ☑ No/limited use of injured hand/arm | | ☐ No weight-bearing on injured foot/leg |
| ☑ Return to Work with Restrictions | 8/14/13 | ☐ No/limited overhead work | | ☐ Sitting job with foot/leg elevated |
| ☐ Unable to Work | | ☐ No/limited heavy gripping | | ☑ Alternate sitting/standing |
| From ____ To ____ | | ☐ No/limited use of vibrating tools | | ☐ No squatting or kneeling |
| ☐ Discharged from Care | | ☐ No/limited rapid repetitive | | ☐ No climbing |
| ☐ MMI- Effective | | hand/wrist movement | | ☑ Limit standing to ____ hours/day |
| ☐ PPI ____ | | ☐ Limit lift/push/pull to ____ lbs | | f Continuously 10 minutes/hr |
| | | ☐ No/limited work at or above | | Limit walking 10 minutes/hr |
| | | Shoulder height | | Last 10 minutes/hr |

| **Other Restrictions** | | |
|---|---|---|
| Back | ☐ No driving | ☐ No overtime ____ hours/day |
| ☐ No Lifting | ☐ Part Time | ☐ No unprotected heights |
| ☑ No Bending  > 5 x hr | ☐ Other | |

☑ Sedentary Work: Lifting 10lbs max and occasionally lifting and/or carrying of such articles as dockets, ledgers & small tools. A certain amt of standing & walking is often necessary in carrying out job duties

☐ Moderate Work: Lifting 20 lbs max and frequent lifting and/or carrying of objects weighing up to 10 lbs. May involve sitting w/a degree of pushing and pulling of arm or leg controls

☐ Medium Work: 50 lbs max w/frequent lifting and/or carrying of objects weighing up to 24 lbs

☐ Med Heavy Work: Lifting 65-70 lbs max w/frequent lifting and/or carrying of objects weighing up to 50 lbs.

☐ Heavy Work: Lifting 100 lbs max w/frequent lifting and/or carrying of objects weighing up to 50 lbs.

☐ Very Heavy Work: Lifting of objects in excess of 100 lbs. w/frequent lifting and/or carrying of objects weighing up to 50 lbs.

---

☐ Surgery          Procedure: ____

☑ Referral to Rehabilitation Services __See order__

☐ Referral for Diagnostic Test or Procedure ____

☐ Referral to Physician ____

☑ Medications Prescribed  Prednisone / Tramadol / cyclobenzaprine

☐ Medications may cause drowsiness – Do not take while working

Comments ____

Follow up appointment: Date: 3 wks     Time: 9-18-17 3:30

Physician Signature ____          Staff Initials ____    Time Out 1:15  Faxed By ____

EXHIBIT
TWO

Resurgens Orthopaedics • 3211 Iris Drive, Covington GA 30016-0907

## LOWE, MONETTE (id #125696782, dob: [ ]1963)

**RESURGENS** ᴾᶜ
**ORTHOPAEDICS**

**work** link

Patient's Last Name **Lowe**  First Name **Monette**  MI   Acct# **125696782**  Claim# **WC103-082017157736**

Date: **03/14/2019**                          Time In **03/14/2019**
Physician **STEPHENSON A IKPE JR.**      **Insurance COMPANION TPA**
Employer **UNKNOWN ( )**                 **Adjuster LISA MARSHALL**        **Case Manager**
Contact Person                           **Phone#**                        **Phone#**
Phone#                                   **Fax#**                          **Fax#**
Fax#                                     **E-Mail**                        **E-Mail**

☑Date of Injury 03/09/2017    ☐Initial Visit        ☑Re-Check
☑Is Work Related              ☐Is Not Work Related

Diagnosis s/p left knee PLM

| Work Status | Date | Restrictions | |
|---|---|---|---|
| ☐Return to Regular Duty<br>☑Return to work with Restrictions<br>☐Unable to work<br>From ___ To ___<br>☐Discharged from Care<br>☐MMI - Effective<br>☐PPI ___ | 03/18/19 | **Upper Extremity**<br>☐No ☐Limited use of injured hand/arm<br>☐No ☐Limited overhead work<br>☐No ☐Limited heavy gripping<br>☐No ☐Limited use of vibrating tools<br>☐No ☐Limited rapid repetitive hand/wrist movement<br>☐Limit lift/push/pull to ___ lbs<br>☐No ☐Limited work at or above Shoulder height | **Lower Extremity**<br>☐No weight-bearing on injured foot/leg<br>☐Sitting job with foot/leg elevated<br>☑Alternate sitting/standing as needed<br>☑No squatting/ crawling. Limited kneeling and bending<br>☑No climbing/ running / jumping<br>☐Limit standing to ___ hours/day |

**Other Restrictions**

**Back**                    ☐No driving              ☐No overtime ___ hours/day
☐No lifting                 ☐Part time               ☐No unprotected heights
☐No Bending                 ☐Other

☑Sedentary Work: Lifting 10lbs max and occasionally lifting and/or carrying of such articles as dockets, ledgers & small tools. A certain amt of standing & walking is often necessary in carrying out job duties
☐Moderate Work: Lifting 20lbs max and frequent lifting and/or carrying of objects weighing up to 10 lbs. May Involve sitting w/a degree of pushing and pulling of arm or leg controls.
☐Medium Work: 50lbs max w/frequent lifting and/or carrying of objects weighing up to 24 lbs.
☐Med Heavy Work: Lifting 65-70 lbs max w/frequent lifting and/or carrying of objects weighing up to 50 lbs.
☐Heavy Work: Lifting 100 lbs max w/frequent lifting and/or carrying of objects weighing up to 50 lbs.
☐Very Heavy Work: Lifting of objects in excess of 100 lbs, w/frequent lifting and/or carrying of objects weighing up to 50 lbs.

Procedure
☐Surgery
☑Referral to Rehabilitation Services Continue rehab until completed
☐Referral for Diagnostic Test or Procedure
☐Referral to Physician
☐Medications Prescribed
☐Medications may cause drowsiness - Do not take while working
Comments
Follow up appointment: Date: 4 weeks        Time:

Physician Signature Electronically Signed by: STEPHENSON A IKPE JR., MD

Staff Initials        Time Out

 **Stephen Lillard**
To You

Exhibit 3

Oct 21

Monette,

I had a good conversation with your Dr. Wakefall tonight. We were working on another project but I took the opportunity to ask about you. She shared with me how much you care about the kids at CJ Hicks and how much you mean to the staff. It was refreshing to hear your Principal speak such wonderful things about your character.
I realize it was tough day for you but know that you are loved and valued at CJ Hicks. Keep working on the things that are causing tension with you and Ms. Karlin. I really believe it will get better.

When things get back to normal I look forward to stopping by your clinic to visit... I hear it is one of the most cleaned and organized rooms in the building!

Blessings to you and your family,

 **Stephen Lillard, SPHR**
**Assistant Director Human Resources**
**Rockdale County Public Schools**
**Direct Xt. 10443**
**Phone:** 770-761-1443

# Rockdale County
# Public Schools

**RCPS**

Santana Flanigan
General Counsel

Board of Education
Wales F. Barksdale
Pamela J. Brown
Heather Duncan
Sandra Jackson-Lett
Jim McBrayer
Mandy M. North
Akita Partner

March 10, 2021

To Whom It May Concern:

I am writing this reference letter on behalf of Monette Lowe, who is applying for her bachelor's degree in Nursing. Mrs. Lowe has served as a Clinic Aide for many years in Rockdale County Public Schools. During that time, I've observed Mrs. Lowe to be very involved and concerned with the health needs of the students. She possesses a drive that stems from a sincere desire to help children and families succeed. She is very attentive to students and able to engage and establish relationships with the students' parents, which is incredibly important when establishing trust in their care. Mrs. Lowe also has been involved in students' Section 504 team meetings to assist in developing appropriate accommodations for students who have medical or physical impairments. It would be an incredible opportunity for Mrs. Lowe to acquire the education and skills to further her career.

Sincerely,

April Fallon

April Fallon, MSW, LCSW
Director of Community and Student Support
Rockdale County Public Schools
960 Pine Street
Conyers, Georgia 30012
Phone: 770-860-4273

Exhibit 5

pain and in fear from falling and or hurting my self during the school work day. I was put in this

position day after day even thought I notified my principal other administrators, and the HR dept.

**From:** Stephen Lillard <rlillard@rockdale.k12.ga.us>
**Sent:** Thursday, November 19, 2020 1:18 PM
**To:** Monette Lowe <mlowe@rockdale.k12.ga.us>
**Subject:** RE: I need to see some one about my Lft knee I am having pain aand trouble with stand and getting up on it. Please read below

Hi Ms. Lowe,

I am sorry you are having these troubles.

I am confused by why they would suggest your employer could authorize this visit. You should explain to them that this is not related to a work comp accident and that you are using your regular medical insurance.

If they (Resurgens) do not accept your insurance, you should call the number on the insurance card and ask them to assist with finding an in-network doctor.



**Stephen Lillard, SPHR**

**Assistant Director Human Resources**

**Rockdale County Public Schools**

**Direct Xt. 10443**

**Phone: 770-761-1443**

**Fax: 470-491-0971**

NOTICE: This email and all attachments may contain legally privileged and confidential information intended for the use of the addressee. If



Exhibit 5

**From:** Monette Lowe <mlowe@rockdale.k12.ga.us>
**Sent:** Thursday, November 19, 2020 2:49 PM
**To:** Stephen Lillard <rlillard@rockdale.k12.ga.us>
**Subject:** Re: I need to see some one about my Lft knee I am having pain aand trouble with stand and getting up on it. Please read below
**Sensitivity:** Personal

Thank You for the feedback. I am not sure whether my issue has to do with my knees that should still be covered under Worker's compensation. I am only seeking to consult with the doctor's that cared for me before.  I feel Dr. Ikpe would be able to tell if this is the same area giving me concerns/problems or if it is a new or unrelated medical issue.

I would understand to go under my health insurance if it is nonrelated, but how will I know if I don't see the same doctor.

After explaining my views can I be authorized to see Dr. Ikpe regarding the same are covered under my work insurance?

Thank You,

Warmest Regards,

*Mrs. Monette Y. Lowe BA,CA*

**CJ Hicks Elementary Public School**

1300 Pine Log Road

Conyers, GA  30013

Exhibit 5

4:20                    ☼ ⊖ LTE ▲ 🔋

←          🔽    🗑    ✉    ⋮

Please advise me

Hello Dr. Wakefall, Thank you for this school year's return date. I am excited to see this year come around once again.
I would like to update you regarding my health which has improved and I do not have my doctor clearance yet. I do wish return to work as the school's Clinic Assistant and I will give another up date when I get it f my doctor.

Get Outlook for iOS      ⋯

**From:** Erica Wakefall
<ewakefall@rockdale.k12.ga.us>
**Sent:** Wednesday, July 21,
2021 8:04:13 PM

| Copy | Share | Select all | Web search |

✉          🎥

◀      ●      ■

Exhibit5

4:22

| | | | |
|---|---|---|---|
| Tiana | Assistant Principal | 200 Days | July 19th |
| | Clerk II | 200 Days | July 19th |
| | DLS | 200 Days | July 19th |
| | Clerk I | 190 Days | July 28th |
| | Clerk I | 190 Days | July 28th |
| Monette Lowe | Clinic Assistant | 185 Days | August 3rd |
| | Parent Liaison | 185 Days | August 3rd |
| | PBIS Para | 185 Days | August 3rd |

Exhibit 6

**Rockdale County Public Schools**
954 N. Main Street • Conyers, Georgia 30012 • (770) 483-4713

DOH 7/27/2012

Employer's First Report of Injury

## Workers' Compensation

| | | |
|---|---|---|
| Monette Lowe | 63 | Clinic Assistant |
| Injured Employee's Name | Date of Birth | Title / Occupation |

☐ Male  ☑ Female
Sex

Married
Marital Status

Alias "also known as"

411 Overlook Turn
Street Address of Injured Employee

40
No. of days worked per week

8

No. of hours per day

Conyers GA 30012
City/Zip

7 AM
Time work day begins

3 pm
Time work day ends

770-338-2403
Home Phone          Cell Phone

4/19 - CJ Hicks Elementary
School/Location where accident occurred:

Social Security Number

4 | 19 | 2021 | 8 AM
Date of Injury          Hour of Injury

Injured Employee did ☑  did not ☐  return to work at time of accident.

4 | 19 | 2021 | 8:01 AM
Date Injury Reported

Date injured employee discontinued work: _____

Has injured returned to work? ☑ Yes  ☐ No    If yes; date 4|19|2021  Hour 8:01 AM

Describe fully how the accident occurred; naming the machine, tool or thing causing the injury and state what the employee was doing when injured. As I was walking down the hallway. I slipped and fell down to the floor.

Nature and location of injury. Part of body that was injured (i.e., right, left, etc.)
Right and Left Knees and Left Hip Areas

Did you see a doctor for this injury? ☑ Yes  ☐ No (If yes, provide doctor's name & address on line below)
Dr. Mary Stephens -1301 Sigman Rd. Suite 230
Conyers GA 30012-678-609-4912

Did you go to hospital for this injury? ☐ Yes  ☐ No (If yes, provide hospital name & address on line below)

| | | |
|---|---|---|
| Erica Wakefull | Erica Wahfall | 4/20/2028 |
| Printed Name of Supervisor / Director / Principal | Signature of Supervisor / Director / Principal | Date |

Please forward to Benefits Office

REVISED: 02/01/09 | RESCINDS: 08/01/07    Developing our Greatest Resource    Form g003b.01

Exhibit 4
RCPS-0014

Exhibit 6

*Medical Consent Form*
## Workers' Compensation

I hereby authorize the Rockdale County Public Schools to review and obtain copies of hospital, medical, and other records.

Furthermore, they are allowed to discuss my diagnosis and treatment with my physicians and other professionals.

I agree that a copy of this authorization can be accepted.

_____     _____     _____     4/19/2021
Signature of Witness                 Date         Signature of Injured Employee    Date

REVISED: 06/22/2015

RCPS-0016

Exhibit 7



404-636-4500
404-636-9394
Fax: 404-636-8797

### George P. Delgado, M.D.

OFFICE HOURS
MON. WED. FRI. 9 - 3
TUES. THURS. 12 - 6

P.O. Box 13761
ATLANTA, GA 30324

**DISABILITY CERTIFICATE**

TO WHOM IT MAY CONCERN:

I HEREBY CERTIFY THAT _Monette Lowe_.

HAS BEEN UNDER MY PROFESSIONAL CARE AND WAS:

☑ TOTALLY INCAPACITATED

☐ PARTIALLY INCAPACITED

FROM: _04/23/2021_ TO: _Unknown_

REMARKS: _at present._

_needs MRI._

SIGNED _____

and bilateral knee pain following an injury on 4/19/2021. She presents with clinical signs and symptoms of cervical spine sprain/strain with concern for discogenic versus facet degenerative pathology. Recommending MRI imaging of the cervical spine at this time. MRI of the spine confirms disc injury at L4-5, and L5-S1. Patient is moderately symptomatically today with bilateral lower extremity radiculopathy. Recommending bilateral transforaminal epidural steroid injection L4-5, and L5-S1. MRI confirms clinical diagnosis of acute exacerbation of posttraumatic osteoarthritis bilaterally. Surgical intervention is warranted at this time.

Plan: I had a long discussion with the patient today regarding her condition and treatment plan moving forward. I am recommending MRI imaging of the cervical spine to evaluate for discogenic versus facetogenic pathology. I dispensed a Medrol Dosepak 4 mg for her to take as directed, and tizanidine 4 mg to take by mouth daily at bedtime when necessary for muscle spasm #60. She will continue previously prescribed oral anti-inflammatory medication with instructions to discontinue this medication while she is taking the Medrol Dosepak. In regard to her lumbar spine, I am recommending bilateral transforaminal epidural steroid injections at L4-5, and L5-S1 to address her continued axial back pain and bilateral lower extremity radiculopathy. In regard to her bilateral knees, conservative versus non-conservative management was discussed with the patient today. She has previously undergone conservative management for her knees in the past including formal physical therapy, corticosteroid injections and oral medication and is interested in surgical intervention at this time. I recommend total knee arthroplasty for bilateral knees. We discussed that she would have to have one knee operated on at a time, and the patient would like to consider surgical intervention for the right knee first. I offered her bilateral knee intra-articular corticosteroid injections today for her acute pain, which she was agreeable to. Injections were performed in the office today without complication. She will follow up with me for preoperative evaluation. Patient expressed understanding and agreed with this plan of care.

Bilateral Knee Cortisone Injection:
The right knee was prepped with alcohol solution. Bony landmarks were identified via palpation. Utilizing ultrasound guidance and aseptic technique a cocktail of 2 cc Marcaine, 2 cc lidocaine, and 1 cc 40 mg Depo-Medrol was introduced into the intra-articular space without complication. Attention was then drawn to the left knee which was prepped with alcohol solution. Bony landmarks were identified via palpation. Utilizing ultrasound guidance and aseptic technique, talus of 2 cc Marcaine, 2 cc lidocaine, and 1 cc 40 mg Depo-Medrol was introduced into the intra-articular space of the left knee without complication. Patient tolerated procedure well. No complications were noted. She was instructed to ice several times this evening

AB/SAB

- **Unilateral post-traumatic osteoarthritis, right knee M17.31**
- **Unilateral post-traumatic osteoarthritis, left knee M17.32**
- **Pain in right knee M25.561**
- **Pain in left knee M25.562**
- **Other intervertebral disc displacement, lumbar region M51.26**
- **Other intervertebral disc displacement, lumbosacral region M51.27**
- **Other specified dorsopathies, cervical region M53.82**
- **Radiculopathy, cervical region M54.12**
- **Radiculopathy, lumbar region M54.16**
- **Cervicalgia M54.2**
- **Lumbago M54.5**

*Document Electronically Signed by Scott Barbour MD*

99204 - New Patient Evaluation & Management Level 4 - 45 - 59 mins
S0020 Bupivicaine M:50 - Bilateral Procedure
J1030 - Depo Medrol 40 mg M:50 - Bilateral Procedure
20611 - Ultrasound Guided Aspiration/Injection - Large Joint or Bursa

Arthrocentesis, aspiration, and/ or injection of a large joint or bursa; with ultrasound guidance, with permanent recording and reporting. M:50 - Bilateral Procedure
72050 - Xray - Cervical Spine 4 or more views
72110 - Xray - Lumbar Spine - 4 or more views
73564 - Xray - Knee 3 views M:50 - Bilateral Procedure

Rockdale County Public Schools
954 N. Main Street · Conyers, Georgia 30012 · (770) 483-4713          Exhibit 8

DOH 7/27/2012                                    Employer's First Report of Injury
                                          *Workers' Compensation*

Monette Lowe                    ▓▓▓▓  63   Clinic Assistant.
Injured Employee's Name         Date of Birth     Title / Occupation

                        ☐ Male  ☑ Female        Married
                        Sex                      Marital Status
Alias: "also known as"

411 Overlook Turn              40          8
Street Address of Injured Employee   No. of days worked per week   No. of hours per day,

Conyers GA 30012       7 AM         3 pm
City/Zip               Time work day begins   Time work day ends

770-338-2403           4/19-CJ Hicks Elementary
Home Phone     Cell Phone        School/Location where accident occurred:

▓▓▓▓▓▓▓▓▓▓▓▓▓▓          4  19  2021     8 AM
Social Security Number           Date of Injury      Hour of Injury

Injured Employee did ☑  did not ☐  return to work at   4  19  2021    8:01 AM
time of accident.                                Date Injury Reported

Date injured employee discontinued work: _____

Has injured returned to work?  ☑ Yes  ☐ No    If yes; date 4/19/2021 Hour 8:01 AM

Describe fully how the accident occurred; naming the machine, tool or thing causing the injury and state what the
employee was doing when injured.  As I was walking down the
hallway. I slipped and fell down to the floor.

Nature and location of injury. Part of body that was injured (i.e., right, left, etc.)
Right and Left Knees and Left Hip Areas

Did you see a doctor for this injury? ☑ Yes    ☐ No (If yes, provide doctor's name & address on line below)
Dr. Mary Stephens - 1301 Sigman Rd. Suite 230
Conyers GA 30012 - 678-609-4912

Did you go to hospital for this injury? ☐ Yes    ☐ No (If yes, provide hospital name & address on line below)

Erica Wakefall                  Erica Wakefall      4/20/2021
Printed Name of Supervisor / Director / Principal    Signature of Supervisor / Director / Principal    Date

Please forward to Benefits Office.

REVISED: 02/01/09 | RESCINDS: 08/01/07    *Developing our Greatest Resource*    Form g003b.01

Exhibit 4
RCPS-0014

Exhibit 8

*Medical Consent Form*

## Workers' Compensation

I hereby authorize the Rockdale County Public Schools to review and obtain copies of hospital, medical, and other records.

Furthermore, they are allowed to discuss my diagnosis and treatment with my physicians and other professionals.

I agree that a copy of this authorization can be accepted.

4/19/2021

| Signature of Witness | Date | Signature of Injured Employee | Date |

REVISED: 06/22/2015

RCPS-0016

**From:** Monette Lowe <mlowe@rockdale.k12.ga.us>
**Sent:** Friday, April 23, 2021 6:14:31 PM
**To:** Stephen Lillard <rlillard@rockdale.k12.ga.us>; Erica Wakefall <ewakefall@rockdale.k12.ga.us>
**Subject:** Re: Accident yesterday

Get Outlook for iOS

---

**From:** Stephen Lillard <rlillard@rockdale.k12.ga.us>
**Sent:** Tuesday, April 20, 2021 2:15:36 PM
**To:** Monette Lowe <mlowe@rockdale.k12.ga.us>
**Cc:** LISA MARSHALL <LISA.MARSHALL@companiontpa.com>
**Subject:** Accident yesterday

Hi Monette,

I got your VM today. I've attached the most current panel of physcicians for you to choose a doctor.

Remember, in order for this to be covered under WC insurance, you have to see a doctor from our panel.

I believe you had a scheduled doctors visit yesterday with your primary physician. Did you ask them to see you for the WC accident?

Also how did you fall? I haven't seen any video yet – did you trip over something?



**Stephen Lillard, SPHR**

**Assistant Director Human Resources**

**Rockdale County Public Schools**

**Direct Xt. 10443**

**Phone: 770-761-1443**

**Fax: 470-491-0971**

NOTICE: This email and all attachments may contain legally privileged and confidential information intended for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (770-761-1443) or by electronic mail (rlillard@rockdale.k12.ga.us) and delete this message and all copies and backups.

**WC-1  EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE**  EXhibit  9a

# GEORGIA STATE BOARD OF WORKERS' COMPENSATION

**EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE**
NOTE: FAILURE TO SUBMIT THIS REPORT TO INSURER IMMEDIATELY MAY RESULT IN PENALTY. MUST BE TYPED OR PRINTED IN BLACK INK.

| Board Claim No. | Employee Last Name | Employee First Name | | M.I. | Date of Injury |
|---|---|---|---|---|---|
| | Lowe | Monette | | | 04/19/2021 |

## A. IDENTIFYING INFORMATION

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **EMPLOYEE** | ☐ Male  ☒ Female | Birthdate 1963 | Phone Number (770) 338-2403 | | Employee E-mail rlillard@rockdale.k12.ga.us | | | |

| Mailing Address 411 Overlook Turn | City Conyers | State GA | Zip Code 30012 |
|---|---|---|---|

| **EMPLOYER** | Name 103-ROCKDALE BOARD OF EDUCATION | NAICS Code 611110 | Nature of Business (Trade, Transport, Mfg.,etc.) PUBLIC SCHOOL SYSTEM |
|---|---|---|---|

| Mailing Address P. O. DRAWER 1199, 954 NORTH MAIN STREET | Phone Number (770) 860-4225 | | Employer FEIN 58-6000312 |
|---|---|---|---|
| City CONYERS | State GA | Zip Code 30012 | Employer E-mail |

| **INSURER / SELF-INSURER** | Name 103-ROCKDALE BOARD OF EDUCATION | Insurer/Self-Insurer FEIN 58-6000312 | Insurer/ Self-Insurer File # WC103-082021169340 |
|---|---|---|---|

| **CLAIMS OFFICE** | Name PLANNED ADMINISTRATORS | Claims Office FEIN # 57-0718839 | Claims Office Phone 800-827-5794 | Claims Office E-mail lisa.marshall@companiontpa.com |
|---|---|---|---|---|

| SBWC ID# (five digit no.) 20602 | Mailing Address PO BOX 100159 | City Columbia | State SC | Zip Code 29202-3159 |
|---|---|---|---|---|

| **EMPLOYMENT/WAGE** | Date Hired by Employer 07/27/2012 | Job Classified Code No. Clinical Asst. | Number of Days Worked Per Week 5 | Wage rate at time of Injury or Disease: | ☐ per Hour ☐ per Day ☐ per Week ☐ per Month |
|---|---|---|---|---|---|

| Insurer Type Code ☐ I – Insurer ☒ S-Self-insurer ☐ Group Fund | List Normally Scheduled Days Off Sat./ Sunday |
|---|---|

| **INJURY/ILLNESS & MEDICAL** | Time of Injury 08:00 ☒ am ☐ pm | County of Injury Conyers | Date Employer had knowledge of Injury 04/19/2021 | Enter First Date Employee Failed to Work a Full Day |
|---|---|---|---|---|

| Did Employee Receive Full Pay on Date of Injury? ☐ Yes ☐ No | Did Injury/Illness Occur on Employer's premises? ☐ Yes ☒ No | Type of Injury/Illness Injury: CONTUSION, | Body Part Affected KNEES, HIPS |
|---|---|---|---|

How Injury or Illness / Abnormal Health Condition Occurred
**She was walking down the hallway and slipped and fell. She injured hips and knees.**

| Treating Physician (Name and Address) | Initial Treatment Given: ☐ None ☐ Minor: By Employer ☒ Minor: Clinical/Hospital ☐ Emergency Room ☐ Hospitalized > 24hrs | Hospital / Treating Facility (Name and Address) | If Returned to Work, Give Date: |
|---|---|---|---|
| | | | Returned at what wage $0.00 per Week |
| | | | If Fatal, Enter Complete Date of Death |

| Report Prepared By (Print or Type) Lisa Marshall  SR. Claims Adjuster | Telephone Number (803) 264-6789 | Date of Report 04/21/21 |
|---|---|---|

## ☐ B. INCOME BENEFITS Form WC-6 must be filed if weekly benefit is less than maximum

Previously Medical Only ☐ Yes ☐ No  Average Weekly Wage: $ _____  Weekly benefit: $ _____  Date of disability:

Date of first Payment: _____  Compensation paid: $ _____  or Date salary paid: _____  Penalty paid: $

BENEFITS ARE PAYABLE FROM _____ FOR:

☐ Temporary total disability  ☐ Temporary partial disability  ☐ Permanent partial disability of ____ % to ____ for ____ weeks.

UNTIL _____ WHEN THE EMPLOYEE ACTUALLY RETURNED TO WORK WITHOUT RESTRICTIONS. ALL OTHER SUSPENSIONS REQUIRE THE FILING OF FORM WC-2 WITH THE STATE BOARD OF WORKERS' COMPENSATION AND THE EMPLOYEE.

## ☒ C. NOTICE TO CONTROVERT PAYMENT OF COMPENSATION

Benefits will not be paid because:
**There is no injury by accident arising out of and in the course of employment.**

## ☐ D. MEDICAL ONLY INJURY (No indemnity benefits are due and/or have NOT been controverted.)

| Insurer / Self-Insurer: Type or Print Name of Person Filing Form Lisa M. Marshall | Signature Lisa Marshall | Date 04/21/21 |
|---|---|---|
| Phone Number (803) 264-6789 | E-mail lisa.marshall@companiontpa.com | |

IF YOU HAVE QUESTIONS PLEASE CONTACT THE STATE BOARD OF WORKERS' COMPENSATION AT 404-656-3818 OR 1-800-533-0682 OR VISIT http://www.sbwc.georgia.gov
WILLFULLY MAKING A FALSE STATEMENT FOR THE PURPOSE OF OBTAINING OR DENYING BENEFITS IS A CRIME SUBJECT TO PENALTIES OF UP TO $10,000.00 PER VIOLATION (O.C.G.A. §34-9-18 AND §34-9-19).

**WC-1  REVISION 12/2018  1  EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE**
1 OF 2

Exhibit 8b & 8c

I informed everyone that I had already made an appointment to see Dr. Ipke and I was told that was fine by the respondent.

This is another place where the Respondent knowingly and intentionally discriminated against

I have tried to call you about this matter and thank you for the feedback. Dr. Stephen Ikpe is requesting to see me at 10 am on Thursday. My WC Accident report was left with Ms. Dill before I left work the same day of my injury. Yes I

Regarding the doctor I am seeing, I believe he does accept Our compensation because he has been paid previously through WC. Since you said I must choose a doctor I have chosen one of the best doctor to care for me. Please contact the doctor's office at 678-413-6276

Get Outlook for iOS

**From:** Stephen Lillard <lillard@rockdale.k12.ga.us>
**Sent:** Tuesday, April 20, 2021 2:15:36 PM
**To:** Monette Lowe <mlowe@rockdale.k12.ga.us>
**Cc:** LISA MARSHALL <LISA.MARSHALL@compsanmalina.com>
**Subject:** Accident yesterday

Hi Monette,

I got your VM today. I've attached the most current panel of physicians for you to choose a doctor.

Remember, in order for this to be covered under WC insurance, you have to see a doctor from our panel.

I believe you had a scheduled doctors visit yesterday with your primary physician. Did you ask them to see you for the WC accident?

Also how did you fall? I haven't seen any video yet – did you trip over something?



Stephen Lillard, SPHR

Assistant Director Human Resources

Rockdale County Public Schools

Direct Xt. 10443

Phone: 770-761-1443

Fax: 470-491-0971

Exhibit 8d


We make Benefits Better.

April 21, 2021

Ms. Monette Lowe
411 Overlook Turn
Conyers, GA  30012

RE: Employer:      Rockdale BOE
    Employee:      Monette Lowe
    Date of Injury: 04/19/2021
    S/S No.:        xxx-xx-█████
    Claim #:        WC103-082021169340

Dear Ms. Lowe:

Planned Administrators, Inc., manages the workers' compensation claims for your employer. Enclosed
a Form WC-1 which is being filed with the State Board of Workers' Compensation.

Based upon your employer's investigation, you claim is being denied under worker's compensation
the following reason(s):

There is no injury by accident arising out of an in the course and scope of employment.

Any treatment you receive will be your responsibility or the responsibility of your group health carrier. ✳

If you would like to discuss your claim in more detail, you may contact me at (800) 827-5794 ext.
46789. You may also contact the State Board of Workers' Compensation at (404) 656-3818.

Sincerely,
Lisa Marshall
Sr. Claims Adjuster

Enclosures: WC-1

Cc:    Stephen Lillard- Rockdale BOE

On Mon, Feb 6, 2023 at 8:20 PM Monette Lowe <monettelowe2503@gmail.com> wrote:
8:33 AM  Thu Apr 22

C.    <u>The Charging Party cannot establish disability discrimination.</u>        Exhibit 9

As stated above, the Board incorporates its arguments and supporting documentation from its previous response dated October 27, 2022 as if stated herein.

1.    **The Charging Party cannot establish that she was qualified for her job.** 

To be a qualified individual, the Charging Party must be able to perform the essential functions of her job with or without reasonable accommodation. *Thomas v. Cobb Cnty Sch. Dist.*, No. 21-11325, 2021 U.S. App. LEXIS

Page 3 of 5



Exhibit 9a

# Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act)

## U.S. Department of Labor
Wage and Hour Division



DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT

OMB Control Number: 1235-0003
Expires: 08/31/2021

### SECTION I: For Completion by the EMPLOYER

**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies, and in accordance with 29 C.F.R. § 1635.9, if the Genetic Information Nondiscrimination Act applies.

Employer name and contact: _Rockdale Board of Education_

Employee's job title: _Clinical Assistant_   Regular work schedule: _7AM - 3pm Mon-Fri._

Employee's essential job functions: _____

Check if job description is attached: __ __

### SECTION II: For Completion by the EMPLOYEE

**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 29 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: _Monette   Yvonne   Lowe_
First          Middle          Last
_Hamilton   Yvonne   Lowe_

### SECTION III: For Completion by the HEALTH CARE PROVIDER

**INSTRUCTIONS to the HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), genetic services, as defined in 29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the employee's family members, 29 C.F.R. § 1635.3(b). Please be sure to sign the form on the last page.

Provider's name and business address: _George P. Delgado, MD / 3 Corporate Blvd. Ste 180 Atlanta, GA 30329_

Type of practice / Medical specialty: _O.R.S._

Telephone: ( _404_ ) _636-4500_   Fax:( _404_ ) _636-8797_

Page 1

Form WH-380-E  Revised 01/01/21

Exhibit 6

RCPS-0019

*Exhibit 9a*

**PART A: MEDICAL FACTS**
1. Approximate date condition commenced: _04/19/2021_

Probable duration of condition: _12 To 14 month. Needs Bilateral Knee Arthroplasty._

**Mark below as applicable:**
Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
_✓_No ___Yes. If so, dates of admission:

_____

Date(s) you treated the patient for condition:

_____

Will the patient need to have treatment visits at least twice per year due to the condition? ___No _✓_Yes.

Was medication, other than over-the-counter medication, prescribed? ___No _✓_Yes.

Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
___No _✓_Yes. If so, state the nature of such treatments and expected duration of treatment:

_Surgical Consultation Bilateral Knee Arthroplasty._

2. Is the medical condition pregnancy? _✓_No ___Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.

Is the employee unable to perform any of his/her job functions due to the condition: ____No _✓_Yes.

If so, identify the job functions the employee is unable to perform:

_All of her Job Functions._

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

_Cervical Radiculopathy / Lumbar Radiculopathy Needs Bilateral Knee Arthroplasty._

_____

_____

_____

_____

RCPS-0020

*Exhibit 9a*

## PART B: AMOUNT OF LEAVE NEEDED

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery? ___No ✓Yes.

     If so, estimate the beginning and ending dates for the period of incapacity: *12 — 14 Month*

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition? ___No ___Yes. *N/A*

     If so, are the treatments or the reduced number of hours of work medically necessary? ___No ___Yes. *N/A*

     Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

     *TOTALLY INCAPACITATED.*

     Estimate the part-time or reduced work schedule the employee needs, if any: *TOTALLY INCAPACITATED.*

     _____ hour(s) per day; _____ days per week from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions? ___No ___Yes.

     Is it medically necessary for the employee to be absent from work during the flare-ups? ___ No ___Yes . If so, explain: *N/A*

     _____

     _____

     Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days): *N/A*

     Frequency          : _____ times per _____ week(s) _____ month(s)

     Duration: _____ hours or ___ day(s) per episode *TOTALLY INCAPACITATED.*

## ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER:

     *SEE ATTACHED MRI REPORTS AND RECORDS.*

     _____

     _____

     _____

     _____

CONTINUED ON NEXT PAGE                    Form WH-380-E  Revised 01/01/21

RCPS-0021

Exhibit 9a

_(page mostly blank with ruled lines)_

Signature of Health Care Provider

Date  08/05/2021.

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.**

Form WH-380-E Revised 01/01/21

RCPS-0022

*Exhibit 10*

WC-1  EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE

# GEORGIA STATE BOARD OF WORKERS' COMPENSATION

### EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE

NOTE: FAILURE TO SUBMIT THIS REPORT TO INSURER IMMEDIATELY MAY RESULT IN PENALTY. MUST BE TYPED OR PRINTED IN BLACK INK.

| Board Claim No. | Employee Last Name | Employee First Name | M.I. | Date of Injury |
|---|---|---|---|---|
| | Lowe | Monette | | 04/19/2021 |

## A. IDENTIFYING INFORMATION

| EMPLOYEE | ☐ Male  ☒ Female | Birthdate [ ]63 | Phone Number (770) 338-2403 | | Employee E-mail rlillard@rockdalo.k12.ga.us |
|---|---|---|---|---|---|
| Mailing Address | 411 Overlook Turn | | | City Conyers | State GA  Zip Code 30012 |

| EMPLOYER | Name 103-ROCKDALE BOARD OF EDUCATION | NAICS Code 611110 | Nature of Business (Trade, Transport, Mfg, etc.) PUBLIC SCHOOL SYSTEM |
|---|---|---|---|
| Mailing Address P. O. DRAWER 1189, 954 NORTH MAIN STREET | | Phone Number (770) 860-4225 | Employer FEIN 58-6000312 |
| City CONYERS | State GA  Zip Code 30012 | Employer E-mail | |

| INSURER/ SELF-INSURER | Name 103-ROCKDALE BOARD OF EDUCATION | | Insurer/Self-Insurer FEIN 58-6000312 | Insurer/ Self-Insurer File # WC103-082021169340 |
|---|---|---|---|---|
| CLAIMS OFFICE | PLANNED ADMINISTRATORS | Claims Office File # 57-0718839 | Claims Office Phone 800-827-5794 | Claims Office E-mail lisa.marshall@companiontpa.com |
| SBWCID# (if not signed) 20602 | Mailing Address PO BOX 100159 | | City Columbia | State SC  Zip Code 29202-3159 |

| EMPLOYMENT/WAGE | Date Hired by Employer 07/27/2012 | Job Classified Code No. Clinical Asst. | Number of Days Worked Per Week 5 | Wage rate at time of Injury or Disease | ☐ per Hour ☐ per Day ☐ per Week ☐ per Month |
|---|---|---|---|---|---|
| Insurer Type Code ☒ I = Insurer  ☐ S=Self-insurer  ☐ Group Fund | | List Normally Scheduled Days Off Sat/ Sunday | | | |

| INJURY/ILLNESS & MEDICAL | Time of Injury 08:00  ☒ am ☐ pm | County of Injury Conyers | Date Employer Had Knowledge of Injury 04/19/2021 | Enter First Date Employee Failed to Work a Full Day |
|---|---|---|---|---|
| Did Employer Receive Full Pay on Date of Injury? ☐ Yes ☐ No | Did Injury/Illness Occur on Employer's premises? ☐ Yes ☒ No | Type of Injury/Illness Injury: CONTUSION | Body Part Affected KNEES, HIPS | |

How Injury or Illness / Accident/ Health Condition Occurred

She was walking down the hallway and slipped and fell. She injured hips and knees.

| Treating Provider (Name and Address) | Initial Treatment Given: ☐ None ☐ Minor By Employer ☒ Minor Clinic/Hospital ☐ Emergency Room ☐ Hospitalized > 24hrs | Hospital / Treating Facility (Name and Address) | If Returned to Work, Give Date | |
|---|---|---|---|---|
| | | | Resumed at what wage $0.00 | per Week |
| | | | If Fatal, Enter Complete Date of Death: | |

| Report Prepared By (Print or Type): Lisa Marshall | SR. Claims Adjuster | Telephone Number (803) 264-6789 | Date of Report 04/21/21 |
|---|---|---|---|

## ☐ B. INCOME BENEFITS  Form WC-6 must be filed if weekly benefit is less than maximum

| Previously Medical Only ☐ Yes ☐ No | Average Weekly Wage $ _____ | Weekly benefit $ _____ | Date of disability _____ |
|---|---|---|---|

Date of first Payment _____  Compensation paid $ _____ or Date salary paid _____  Penalty paid $ _____

BENEFITS ARE PAYABLE FROM _____ FOR _____

☐ Temporary total disability  ☐ Temporary partial disability  ☐ Permanent partial disability of _____ % to _____ for _____ weeks

UNTIL _____ WHEN THE EMPLOYEE ACTUALLY RETURNED TO WORK WITHOUT RESTRICTIONS. ALL OTHER SUSPENSIONS REQUIRE THE FILING OF FORM WC-2 WITH THE STATE BOARD OF WORKERS' COMPENSATION AND THE EMPLOYEE.

## ☒ C. NOTICE TO CONTROVERT PAYMENT OF COMPENSATION

Benefits will not be paid because:

There is no injury by accident arising out of and in the course of employment.

## ☐ D. MEDICAL ONLY INJURY (No indemnity benefits are due and/or have NOT been controverted.)

| Insurer / Self-Insurer Type of Print Name of Person Filing Form Lisa M. Marshall | Signature Lisa Marshall | Date 04/21/21 |
|---|---|---|
| Phone Number (803) 264-6789 | E-mail lisa.marshall@companiontpa.com | |

IF YOU HAVE QUESTIONS PLEASE CONTACT THE STATE BOARD OF WORKERS' COMPENSATION AT 404-656-3818 OR 1-800-533-0682 OR VISIT http://www.sbwc.georgia.gov

VOLUNTARILY MAKING A FALSE STATEMENT FOR THE PURPOSE OF OBTAINING OR DENYING BENEFITS IS A CRIME SUBJECT TO PENALTIES OF UP TO $10,000.00 PER VIOLATION (O.C.G.A. §34-9-18 AND §34-9-19)



Exhibit 11
Eleven

*the EEOC must dismiss them. See Scott v. Lee Cnty Youth Dev. Ctr.*, 232 F. Supp. 2d 1289 (Ala. Md. Dist. 2002) ("a plaintiff must file an [EEOC] charge within 180 days after the discrete act occurred; acts falling outside this limitation period will be barred, even if they are related to acts alleged in timely filed charges.").

In this instance, all of Ms. Lowe's allegations fall outside the limitation period. Likewise, she has not alleged any timely claims. Her filed Charge is untimely, and the EEOC must dismiss her Charge.

B. **The Charging Party failed to use Board Policy GAAA (Equal Employment Opportunity). As such, the *Faragher* affirmative defense is available to the Respondent, and the EEOC should dismiss the Charging Party's claims.**

The Respondent has a well-advertised antidiscrimination policy that establishes a robust complaint process. The Charging Party had access to the policy, and she never filed a complaint informally or formally. Thus, her attempt to hold the Respondent liable for alleged discrimination that she did not report should fail because the Board is entitled to the *Faragher* affirmative defense. If the Charging Party was subjected to discriminatory conduct in the past and she failed to utilize the complaint procedure, then the affirmative defense is applicable, and the Respondent should not be held liable. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 777-778 (1998).

C. **The Charging Party cannot establish a *prima facie* case of disability discrimination.**

The Americans with Disabilities Act ("ADA") makes it unlawful for an employer to discriminate against a qualified individual based on their disability. Likewise, it prohibits discharging an employee based on her disability, or limiting other terms, conditions, or privileges of employment. 42 U.S.C.§ 12112(a). Direct evidence of discrimination is evidence that, if believed, proves the existence of a fact without inference or presumption. Only the most blatant remarks, whose intent could mean nothing other than to discriminate based on some impermissible factors constitute direct evidence of discrimination. By contrast, evidence that merely suggests, but does not prove, a discriminatory motive is not direct evidence. *See Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203 (11th Cir. 2021).

In the present matter, Ms. Lowe's Charge does not allege any direct evidence of discrimination. She does not do so because none exist. Since the Charging Party does not cite to direct evidence, then the EEOC considers the *McDonnell Douglas* burden-shifting framework that governs Title VII employment discrimination claims. Under this framework, Ms. Lowe must first establish a *prima facie* case of disability discrimination. To satisfy her burden, the Charging Party must prove with creditable evidence that she is (1) disabled, (2) is a qualified individual, and (3) was discriminated against because of her disability. *Todd*, 998 F.3d at 1216.

*Exhibit 12*

 **Rockdale County Public Schools** RCPS

954 N. Main Street · Conyers, Georgia 30012 · 770.483.4713

*to include Family and Medical Leave Act [FMLA]*

*Request for Medical or Adoption*
## Leave of Absence

**SECTION A | TO BE COMPLETED BY APPLICANT**      [PRINT OR TYPE]

| | |
|---|---|
| Printed Name: Monette Y. Lowe | Last 4 Digits of SSN: ▓▓▓▓ |
| Street Address (home): 411 Overlook Turn | Date of Hire: 7/2010 |
| City/State/Zip: Conyers GA. 30012 | School/Location: CJ Hicks Elem. |
| Phone (home): 770-338-2403 | Position: Clinical Assistant |

I am making application for a leave of absence from employment with the Rockdale County Public Schools for the reason checked below. I understand the terms and conditions of the leave, and have read Policy Regulations GBRI-R governing leaves of absence, portions of which are printed below. **I have also attached the required physician or adoption verifications.**

**Leave is Requested for:**

A. Serious illness of:
- [✓] Employee
- [ ] Spouse
- [ ] Child
- [ ] Parent
- [ ] Parent-in-Law
- [ ] Birth of a Child *

B. Family Placement:
- [ ] Adoption of a child *
- [ ] Placement of a foster child *

\* Date (or expected date) of birth, adoption, or placement of foster child    /    /

- [ ] Military Servicemember (caregiver)

Last date worked prior to leave: 4 | 9 | 2021   Dates of requested leave: FROM 12 month TO 14 months

Is your spouse employed with RCPS? [ ] Yes [✓] No

Do you intend to return to work following the leave? [✓] Yes [ ] No

**Your Rights and Responsibilities Under Family and Medical Leave**

The Family and Medical Leave Act of 1993 (FMLA) provides up to 12 weeks of unpaid leave to eligible employees for certain family and medical reasons without loss of health insurance benefits or employment.

A family or medical leave of absence is available to eligible employees for up to 12 weeks of unpaid leave per year under certain circumstances, including: when the employee is unable to perform the essential functions of his/her position due to a serious health condition, the birth of the employee's child, the placement of a child with the employee for adoption or foster care, when the employee must care for an immediate family member who has a serious medical condition, or when the employee is next of kin to a military service member who is undergoing medical treatment or recuperation (up to 26 weeks).

To be eligible for leave under FMLA, an employee must have been employed for at least 12 months and must have worked at least 1250 hours during the 12-month period preceding the beginning of the leave. The 12-month period for purposes of leave entitlement shall be the 12-month period beginning with the employee's date of hire or 12 months from the date an employee's last RCPS FMLA leave began.

If an employee is entitled to paid sick leave under the RCPS sick leave policy, the paid sick leave must be used first during FMLA leave. Such available paid sick leave will run concurrently with the FMLA unpaid leave entitlement. **For maternity cases, paid sick leave may be used only during the period of disability (a maximum of six weeks or as stated by the physician), with the remaining 6 weeks unpaid.**

Employees requesting family/medical leave due to a serious health condition of the employee or covered family member are **required to provide medical certification of that serious medical condition using the form provided** (*CERTIFICATION OF HEALTH CARE PROVIDER*). Failure to provide such certification may result in denial of the leave and may result in the absence being considered unexcused. Other information such as periodic re-certification of the employee's or covered relative's condition may be required.

Employees are entitled to continuation of group health insurance during the leave period. Any premium normally paid by the employee will continue to be required in order to continue coverage. The employee is responsible for contacting the Benefits Manager to pay any premiums due during the leave.

Employees who are approved for a family/medical leave due to their own serious health condition will be required to present to the Benefits Manager a *PHYSICIAN'S RELEASE TO RETURN TO WORK* form signed by the physician prior to their return which indicates they are medically able to return to their job. Failure to provide this may delay or prevent the employee from returning to work when planned. Employees returning from approved FMLA leave must be returned to the same or an equivalent job.

Employees are required to advise the Benefits Manager whether they intend to return to work at the end of their approved leave and the expected date of return. Employees who do not return to work following leave will be liable for payment of health insurance premiums paid by the employer during unpaid leave, unless the failure to return to work was due to the continuation, recurrence, or onset of a serious health condition.

Atten. Ms Cross


**Rockdale County
Public Schools**
**RCPS**

954 N. Main Street · Conyers, Georgia 30012 · 770.483.4713

*to include Family and Medical Leave Act [FMLA]*

**Request for Medical or Adoption**
# Leave of Absence

**SECTION A | TO BE COMPLETED BY APPLICANT      [PRINT OR TYPE]**

| | | | |
|---|---|---|---|
| Printed Name: | Monette Y. Lowe | Last 4 Digits of SSN: | ▊▊▊▊ |
| Street Address (home): | 411 Overlook Turn | Date of Hire: | 7/2010 |
| City/State/Zip: | Conyers GA. 30012 | School/Location: | CJ Hicks Elem. |
| Phone (home): | 770-338-2403 | Position: | Clinical Assistant |

I am making application for a leave of absence from employment with the Rockdale County Public Schools for the reason checked below. I understand the terms and conditions of the leave, and have read Policy Regulations GBRI-R governing leaves of absence, portions of which are printed below. **I have also attached the required physician or adoption verifications.**

**Leave is Requested for:**

A. Serious illness of:
- [✓] Employee
- [ ] Spouse
- [ ] Child
- [ ] Parent
- [ ] Parent-in-Law
- [ ] Birth of a Child *

B. Family Placement:
- [ ] Adoption of a child *
- [ ] Placement of a foster child *

\* Date (or expected date) of birth, adoption, or placement of foster child  _____ / _____ / _____

- [ ] Military Servicemember (caregiver)

Aug 3rd 2021 to Oct 25th 202[?]

Last date worked prior to leave: 4/9/2021  Dates of requested leave: FROM 12 month TO 14 months

Is your spouse employed with RCPS? [ ] Yes [✓] No

Do you intend to return to work following the leave? [✓] Yes [ ] No

## Your Rights and Responsibilities Under Family and Medical Leave

The Family and Medical Leave Act of 1993 (FMLA) provides up to 12 weeks of unpaid leave to eligible employees for certain family and medical reasons without loss of health insurance benefits or employment.

A family or medical leave of absence is available to eligible employees for up to 12 weeks of unpaid leave per year under certain circumstances, including: when the employee is unable to perform the essential functions of his/her position due to a serious health condition, the birth of the employee's child, the placement of a child with the employee for adoption or foster care, when the employee must care for an immediate family member who has a serious medical condition, or when the employee is next of kin to a military service member who is undergoing medical treatment or recuperation (up to 26 weeks).

To be eligible for leave under FMLA, an employee must have been employed for at least 12 months and must have worked at least 1250 hours during the 12-month period preceding the beginning of the leave. The 12-month period for purposes of leave entitlement shall be the 12-month period beginning with the employee's date of hire or 12 months from the date an employee's last RCPS FMLA leave began.

If an employee is entitled to paid sick leave under the RCPS sick leave policy, the paid sick leave must be used first during FMLA leave. Such available paid sick leave will run concurrently with the FMLA unpaid leave entitlement. **For maternity cases, paid sick leave may be used only during the period of disability (a maximum of six weeks or as stated by the physician)**, with the remaining 6 weeks unpaid.

Employees requesting family/medical leave due to a serious health condition of the employee or covered family member are **required to provide medical certification of that serious medical condition using the form provided** (*CERTIFICATION OF HEALTH CARE PROVIDER*). Failure to provide such certification may result in denial of the leave and may result in the absence being considered unexcused. Other information such as periodic re-certification of the employee's or covered relative's condition may be required.

Employees are entitled to continuation of group health insurance during the leave period. Any premium normally paid by the employee will continue to be required in order to continue coverage. The employee is responsible for contacting the Benefits Manager to pay any premiums due during the leave.

Employees who are approved for a family/medical leave due to their own serious health condition will be required to present to the Benefits Manager a *PHYSICIAN'S RELEASE TO RETURN TO WORK* form signed by the physician **prior to their return which indicates they are medically able to return to their job.** Failure to **provide this may delay or prevent the employee from returning to work when planned.** Employees returning from approved FMLA leave must be returned to the same or an equivalent job.

Employees are required to advise the Benefits Manager whether they intend to return to work at the end of their approved leave and the expected date of return. Employees who do not return to work following leave will be liable for payment of health insurance premiums paid by the employer during unpaid leave, unless the failure to return to work was due to the continuation, recurrence, or onset of a serious health condition.

ISSUED: 07/01/10 | Revised: 01/01/21     *Empowering Students. Shaping the Future.*     Form GBRI-F2 - Page 1 of 2

A key employee is one who is among the highest paid 10% of employees. If reinstatement of a key employee at the end of the leave period would result in substantial economic injury to the employer, reinstatement of key employee can be denied. If it is a possibility that reinstatement will be denied to a key employee, that employee will be provided notice that he/she is a key employee and that rights to reinstatement and continued health benefits could be denied.

A *REQUEST FOR LEAVE OF ABSENCE* form must be completed in detail, signed by the employee, and forwarded to the Director of Human Resources (certified employees) or the Employment Manager (classified employees) along with medical certification. The forms must be submitted 30 calendar days in advance of the beginning of the leave when the need for leave is foreseeable. When the need is not foreseeable, the form should be submitted within two (2) days of when the need for FMLA leave becomes known to the employee.

| | |
|---|---|
| Signature of Employee | 8 / 2 / 2021 |
| | Date |

| | |
|---|---|
| Signature of Supervisor | |
| | Date |

## SECTION B | TO BE COMPLETED BY HUMAN RESOURCES DEPARTMENT

Your request for leave is:   ☐ *Approved*        ☐ *Denied*

| | |
|---|---|
| Signature: Human Resources Officer | |
| | Date |

**September 8, 2021**
12:33 PM

Please read the attached correspondence from my employer regarding my current and future pay below.

To explain further: as of the second week in September I will no longer have a pay check. Due to the fact that I only have 38 hours left of sick pay at present job. I am on medical leave until I have bi-lateral knee surgeries and I am expected back after 14 months.
My Sept 2021 pay is expected to be at 410.78 and that is before taxes, I will be actually getting less than that at the end of this month.

This is why I am in need of help now because I will be unable to pay for food or most household bills. Please also apply for TANF for my house hold due the lack of funds coming into the house for the next 12- 14 months.

I am currently in contact with my HR dept regarding getting further letter of income verification to assist me.
Thank you
Monette Lowe

Get Outlook for iOS
From: Jaime Oliver <joliver@rockdale.k12.ga.us>
Sent: Thursday, September 2, 2021 4:06:01 PM
To: Monette Lowe <mlowe@rockdale.k12.ga.us>
Subject: RE: FMLA Request

Good afternoon,

As stated in the letter, once you have exhausted your sick leave, you will then be on unpaid leave until you return from leave. If you would like to confirm how many sick leave hours you have remaining, please contact Lewis Mullins, Classified Leave Specialist at 770-918-6181.

Thanks



Dr. Terry O. Oatts
**Superintendent**

Santana Flanigan
**General Counsel**

**Board of Education**
Wales F. Barksdale
Pamela J. Brown
Heather Duncan
Sandra Jackson-Lett
Jim McBrayer
Mandy M. North
Akita Parmer

August 26, 2021

Monette Lowe (19252)
411 Overlook Turn
Conyers, GA 30012

Dear Ms. Lowe,

We have received your request for Family/Medical Leave (FMLA) to begin August 3, 2021, through October 25, 2021. **Your request has been approved.** This time away from work will be counted against your annual FMLA entitlement. As of August 31, 2021, you have 38 hours of sick leave. Should your sick leave be exhausted, you will then be on unpaid leave until your return at the end of your leave.

You have a right under FMLA for up to a maximum of twelve weeks of unpaid leave (if indicated by the physician) within a twelve-month period. Your health benefits will be maintained during FMLA leave under the same conditions as if you continued to work. You must be reinstated to the same job or a job that is equal in pay and status. If you do not return to work at the end of your leave for a reason other than the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave, or other circumstances beyond your control, you may be required to reimburse RCPS for its share of health insurance premiums paid on your behalf during your FMLA leave.

If you have any questions about your benefits, please contact Kelly Coil, Benefits Manager, at 770-860-4225, or kcoil@rockdale.k12.ga.us,

Sincerely,

*Kimberly A McDermon*

Dr. Kim McDermon, SHRM-CP, PHR
Chief Human Resources Officer

cc: Dr. Erica Wakefall- Principal, CJ Hicks Elementary
    Sonya Dill- Bookkeeper, CJ Hicks Elementary
    Stephen Lillard- Assistant Director of Human Resources
    Kelly Coil - Benefits Manager
    Lewis Mullins- Classified Leave Specialist

Exhibit 7

RCPS-0023

960 Pine Street | Conyers, Georgia 30012 | Phone: **770-483-4713** | Fax: 770.860.4266 | **Rockdaleschools.org**

EXHIBIT 15

**From:** Monette Lowe <mlowe@rockdale.k12.ga.us>
**Sent:** Thursday, September 2, 2021 8:00 AM
**To:** Jaime Oliver <joliver@rockdale.k12.ga.us>
**Subject:** Re: FMLA Request

Hello,

After reading my approval, I need some clarity and I hope you can provide me with and answer. Does my approval allow me to receive full pay until Oct. 25th?

Please advice me.

Monette Lowe

Get Outlook for iOS

**From:** Jaime Oliver <joliver@rockdale.k12.ga.us>
**Sent:** Tuesday, August 31, 2021 12:22:40 PM
**To:** Monette Lowe <mlowe@rockdale.k12.ga.us>
**Cc:** Erica Wakefall <ewakefall@rockdale.k12.ga.us>; Sonya Dill <sdill@students.rockdale.k12.ga.onmicrosoft.com>; Stephen Lillard <lillard@rockdale.k12.ga.us>; Kelly Coil <KCoil@rockdale.k12.ga.us>; Lewis Mullins <lmullins@rockdale.k12.ga.us>
**Subject:** FMLA Request

Good afternoon,

Please see attached information regarding your FMLA request.

Thanks,



**Jaime Oliver**

**Human Resources**

**Rockdale County Public Schools**

joliver@rockdale.k12.ga.us

**Phone: 770-918-2927**



Dr. Terry O. Oatts
**Superintendent**

Santana Flanigan
**General Counsel**

**Board of Education**
Wales F. Barksdale
Pamela J. Brown
Heather Duncan
Sandra Jackson-Lett
Jim McBrayer
Mandy M. North
Akita Parmer

December 20, 2021

SENT VIA USPS AND EMAIL

Ms. Monette Lowe (Emp. ID 19252)
411 Overlook Turn
Conyers, GA 30012

Dear Ms. Lowe,

As of September 26, 2021, you have been unable to work for 160 calendar days. At this time, we will separate your employment with Rockdale County Public Schools, effective December 17, 2021.

Final pay calculations and separation packet will be processed on January 21, 2021. All medical, dental, and/or vision insurance premiums owed by the employee will be due and payable on January 21, 2022. If any premiums are owed, you will receive a separate letter from our benefits manager, Kelly Coil.

If you choose to apply for Long term disability with Mutual of Omaha, please contact Morgan Powell by email at morgan.powell@mutualofomaha.com or by phone at 402-351-4882 if you have questions regarding your Long Term Disability claim status.

Upon termination of your health coverage (if applicable), you may continue COBRA coverage for up to 18 months by paying a monthly premium directly to The Department of Community Health. (DCH). You will receive COBRA information from the DCH.

Upon termination of your dental and vision coverage, you may continue coverage for up to 18 months. You will receive COBRA information from WAGEWORKS/CONEXIS.

Please contact Kelly Coil, Benefits Manager, by email if you have questions regarding your benefits. She can be reached at kcoil@rockdale.k12.ga.us

Sincerely,

Stephen Lillard SPHR
Assistant Director of Human Resources

Exhibit 11



**Rockdale County Public Schools**
RCPS

Dr. Terry O. Oatts
**Superintendent**

Santana Flanigan
**General Counsel**

**Board of Education**
Wales F. Barksdale
Pamela J. Brown
Heather Duncan
Sandra Jackson-Lett
Jim McBrayer
Mandy M. North
Akita Parmer

November 16, 2021

Monette Lowe (19252)
411 Overlook Turn
Conyers, GA 30012

Dear Ms. Lowe,

We have received your request for a Family/Medical Leave (FMLA) extension to begin October 25, 2021, through January 17, 2022. **Your request has been approved from October 25, 2021, through October 29, 2021.** You have a right under FMLA for up to a maximum of twelve weeks of unpaid leave (if indicated by the physician) within a twelve-month period. As of November 1, 2021, you have exhausted your FMLA allotment.

You have exhausted your sick leave and currently on unpaid leave until you return.

Please contact Kelly Coil, Benefits Manager, concerning your benefits at 770-860-4225 or via email at kcoil@rockdale.k12.ga.us.

Sincerely,

*Kimberly A McDermon*

Dr. Kim McDermon, SHRM-CP, PHR
Chief Human Resources Officer

cc: Dr. Erica Wakefall- Principal, CJ Hicks Elementary
Sonya Dill- Bookkeeper, CJ Hicks Elementary
Stephen Lillard- Assistant Director of Human Resources
Kelly Coil - Benefits Manager
Lewis Mullins- Classified Leave Specialist

Exhibit 10

RCPS-0030

960 Pine Street | Conyers, Georgia 30012 | Phone: **770-483-4713** | Fax: 770.860.4266 | Rockdaleschools.



**Rockdale County Public Schools**

RCPS

Dr. Terry O. Oatts
Superintendent

Santana T. Flanigan
General Counsel

Board of Education
Wales F. Barksdale
Pamela J. Brown
Heather Duncan
Sandra Jackson-Lett
Janie Jones
Mandy M. North
Akita Parmer

April 3, 2023

<u>Via Email (Samantha.koempel@spielbergerlawgroup.com)</u>

Samantha A. Koempel, Esq.
Gary Martoccio, Esq.
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609

Re:   *Monette Y. Lowe*
      *EEOC Charge No. 410-2022-06353*

Dear Ms. Koempel:

This letter confirms receipt of your email dated March 15, 2023 regarding Monette Y. Lowe, a former employee of the District. As the EEOC correctly noted in its March 8th closure letter, Ms. Lowe's allegations fell outside the EEOC's 180-day filing deadline. Simply put, her Charge was untimely filed, and established Eleventh Circuit case law bars all her claims. *See Scott v. Lee County Youth Dev. Ctr.*, 232 F. Supp. 2d 1289 (Ala. Md. Dist. 2002). Likewise, Ms. Lowe's claims do not satisfy the requirements for equitable tolling. *See Milner v. City of Montgomery*, 2021 U.S. Dist. LEXIS 11193 (M.D. Ala. Jan. 21, 2021).

To the extent required by law, the District denies that it discriminated against Ms. Lowe. Your client cannot identify any direct evidence of discrimination because none exists, and she cannot establish a *prima facie* case of discrimination. The record shows that the District complied with the requirements of the Americans with Disabilities Act, and it had legitimate, nondiscriminatory business reasons for its actions.

To the extent required and authorized by law, the District is putting Ms. Lowe and your firm on notice that if the District must incur cost to defend against a meritless lawsuit filed by Ms. Lowe, then it will seek reimbursement of attorney fees and litigation cost from Ms. Lowe and your firm for having to defend against these meritless and untimely allegations.

                        With kindest regards,
                        **ROCKDALE COUNTY SCHOOL DISTRICT**

                        Santana T. Flanigan
                        General Counsel

cc:    Dr. Terry O. Oatts, Superintendent
       Dr. Kimberly McDermon, Chief Human Resources Officer
       Stephen Lillard, Assistant Director of Human Resources



Piedmont Physicians at Sigman Road
1301 SIGMAN ROAD NE, SUITE 230
CONYERS GA 30012-3819
Phone: 678-609-4912
Fax: 404-367-6972


August 8, 2023


Patient Name: Monette Yvonne Lowe


Date Of Birth:  8/1/1963


Attention: Mr. Stevens Garcia Reyes


To whom it may concern:

Ms. Monette Lowe is an established female patient of the Piedmont clinic. On November
10th, 2021 our office faxed to her employer completed and Signed FMLA  including
supportive documents from her other providers who were caring for her as well as copy
of MRI report from her orthopedist stating the date of her Surgery February 2022.  See
attached fax confirmation.


Sincerely,


Bernadette Alexis-Destin, NP

*Blesta FNP BK*


*Electronically signed and verified on 8/8/2023 by Bernadette Alexis-
Destin, NP*

**From:** STEVEN GARCIA-REYES
**Sent:** Friday, February 24, 2023 10:26 AM
**To:** Santana Flanigan <sflanigan@rockdale.k12.ga.us>
**Subject:** RE: [CAUTION EXTERNAL EMAIL] RE: [CAUTION EXTERNAL EMAIL] EEOC No. 410-2022-06353 Monette Lowe v. Rockdale County Board of Education - Scheduling a Meeting

Exhibit 18

Thank you and I look forward to the conversation on the 8th.

**Steven R. Garcia-Reyes**
*Equal Opportunity Investigator, Bilingual Spanish*

**From:** Santana Flanigan <sflanigan@rockdale.k12.ga.us>
**Sent:** Friday, February 24, 2023 10:25 AM
**To:** STEVEN GARCIA-REYES <STEVEN.GARCIA-REYES@EEOC.GOV>
**Subject:** RE: [CAUTION EXTERNAL EMAIL] RE: [CAUTION EXTERNAL EMAIL] EEOC No. 410-2022-06353 Monette Lowe v. Rockdale County Board of Education - Scheduling a Meeting

Hi Mr. Garcia-Reyes,

You are welcome. The district is committed to working with the EEOC to resolve this matter. Please let me know if you need any additional information, and you can call me at (770) 860-4207 at 10 a.m. on Wednesday, March 8, 2023.

With kindest regards,

Santana